## J. H. BOWEN v. STATE.

No. A-7540.  Opinion Filed Jan. 31, 1931.
(295 Pac. 623.)

Bridges & Ivy, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of

Jefferson county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $100 and to serve 90 days in the county jail.

At the time charged, certain officers with a search warrant to search the property of one Epperson on lots 11 and 12, block 46, Ringling, went to the place described in the warrant and made a search. At about this time defendant and his son were on an adjacent lot in a Ford car. The officers searched this car and found some whisky in the turtle-back. Mr. Adams, one of the officers, testified:

"Q. Did you search Mr. Bowen's car on June 1, 1929? A. Yes, sir.

"Q. Did you have a search warrant to search that car? A. No, sir.

"Q. How come you to search that car without a warrant? A. Just as we were getting out of the car after we had drove up there, I went around that way where the car was and the old gentleman was walking away from it, and the boy was in it and he started to start, that is how come me to search it.

"Q. You didn't see anything before you searched it? A. No, sir.

"Q. You had no evidence of the liquor in the car? A. No, sir.* * *

"Q. You saw nothing in the car? A. No.

"Q. You didn't know any liquor was in the car? A. No, sir.

"Q. You had to unlock the turtle-back? A. Yes, sir.

"Q. After you unlocked the turtle-back you discovered the liquor? A. Yes, sir. * * *"

38

The testimony of other witnesses was substantially to the same effect; it discloses a search of defendant's automobile without any search warrant and not as an incident to the arrest of defendant or upon any showing of probable cause, but at most on a slight suspicion. The finding of whisky in the car could not legalize a search so made. In view of article 2, § 30, state Const., the search of the houses, persons, and effects of the citizen on the showing here made cannot be justified.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur