# ARCHIE LAMB v. STATE.

No. A-9068.   Aug. 14, 1936.
(60 Pac. [2d] 219.)

John W. Whipple, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error was tried and convicted of possession of intoxicating liquors, and sentenced to pay a fine of $75 and to be imprisoned in the county jail for a period of 60 days.   Motion in arrest of judgment and a new trial was filed, considered, overruled, exceptions saved, and the plaintiff in error appeals. The plaintiff in error will be referred to as the defendant in this opinion.

Before the defendant was placed on trial he filed his motion to suppress the evidence on the ground that it was secured by an unlawful search and seizure.   Testimony was taken and his motion to suppress was overruled, and defendant duly excepted.   The same testimony in substance as was given in the trial of the case was

given on his motion to suppress the evidence. The officers admit they had no warrant for the arrest of the defendant, or to search his person or his car. They state they were on the street and saw the defendant drive by and followed him to see where he was going, and to see what he was going to do, if he stopped any place.

The testimony further shows he stopped at a place, leaving his car out in front, and was standing talking to a man who lived at the place; the officers got out, and one of them went over to talk with the defendant, and the other went to the car; it was dark and they could see nothing in the car before the door was opened by the officer and he flashed his light inside and said he saw something in a sack that looked like bottles, and they took it out and the bottles contained whisky.

The sheriff, in order to try to make his search legal, says he was talking with the defendant, and defendant told him to go ahead and search the car; but the testimony shows that the search was being made before the defendant said anything to the sheriff about searching the car.

The officers admit they had no authority to search his car unless defendant had waived his right to search, and the defendant denies positively he gave his consent to search the car, and denies he told any one to search it. It is clear from the testimony that the defendant had been followed by the officers for the purpose of searching his car to where he stopped his car and got out to talk with a man, and the officers searched the car before any question arose with the defendant about searching it.

This question has been before this court so many times that it would seem the officers would learn that

even though they may suspect the party was committing a crime, that they could not search his car or his person without a search warrant or until after he was placed under arrest.

The first assignment of error of the defendant is the only one that it is necessary for this court to consider, and that is:

"That the court erred herein in not sustaining plaintiff in error's motion to suppress the evidence."

In Strong et al. v. State, 42 Okla. Cr. 114, 274 Pac. 890, this court in the first paragraph of the syllabus stated:

"The search of a car without warrant of arrest or search warrant or knowledge by the officer that it contained whisky held illegal, and evidence obtained should be excluded upon timely objection."

The officer who made the search of the defendant's car admits he did not see anything in the car until after he had opened the door of the car and flashed his light in, and by that time the sheriff and defendant came over to where he was. The evidence is insufficient to show the defendant waived his right and granted permission to search the car.

In Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424, in the second paragraph of the syllabus this court said:

"Where the officer does not know of the act constituting the offense it is not committed in his 'presence.'"

In the fifth paragraph of the syllabus the court said:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search

warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

The defendant may be guilty, but he is entitled to have a fair and impartial trial according to law. This court in the case of Mosier v. State, 59 Okla. Cr. 106, 56 Pac. (2d) 908, 909, said:

"Some things are to be more deplored than the unlawful sale of whisky. One is the loss of liberty. Common as the event may be, it is a serious thing to arrest a citizen, and it is more serious to search his person, and whoever accomplishes it must do so in conformity with the laws of our state. There are two reasons for this, one to avoid bloodshed, and the other to preserve the liberty of the citizen."

The defendant having made timely objection by filing his motion to suppress the evidence, the court should have sustained the motion and excluded the evidence.

Without prolonging this opinion further, we hold that the search and seizure in this case was unlawful, and made without authority of law. There being no competent evidence to sustain the conviction, the judgment of the trial court is reversed, with directions to discharge the defendant.

EDWARDS, P. J., and DOYLE, J., concur.