## BILL TUCKER v. STATE.

No. A-9280. Sept. 23, 1937.
(71 Pac. 2d 1092.)

Joe Adwon and James L. Gowdy, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The information in this case charged that Bill Tucker and Roy Denmark, on the 5th day of March, 1936, committed the crime of transporting intoxicating liquors. Bill Tucker was tried separately on the charge against him and a verdict of guilty returned fixing his fine at $50 and imprisonment at 30 days in jail. From this judgment of conviction the plaintiff in error, Bill Tucker, appeals. The parties hereafter in this opinion will be referred to as they appear in the trial court.

Before the jury was impaneled in this case, the defendant moved to suppress the evidence against him on the ground that it was secured by an unlawful search and seizure. Testimony was taken. The court overruled defendant's opinion to suppress, and defendant saved an exception.

On the defendant's motion to suppress the evidence on the ground of unlawful search and seizure, he called W. E. Agee, who stated he knew Bill Tucker;

"I had no warrant for his arrest on the 5th day of March, 1936, nor did I have any warrant to search his car that day; defendant was going west about nine miles northeast of the Capitol. I was going east when I first saw him. George Kerr was after him in another car; I stopped him and searched him; he was not violating any law when I stopped him; he did not get out of the car until I stopped him."

George Kerr, testifying on behalf of the state, stated he lived in Oklahoma City; was a deputy sheriff; he knew the defendant Bill Tucker;

"I saw him on the 5th day of March, 1936, on the Witcher road north of Oklahoma City. I arrested him for reckless driving at the time I stopped him; had no

warrant for his arrest nor a warrant to search his car; when I arrested him he was about half drunk and driving about sixty to seventy miles an hour on the wrong side of the road; I did not file any charge against him; I learned he had had a fight up near the county line and went out to arrest the defendant; when I met him I turned and tried to catch him but couldn't, and finally another officer stopped him."

The evidence in the trial is in substance the same as on the motion to suppress.

The defendant has assigned ten errors alleged to have been committed by the trial court which are sufficient to reverse his case. The second and third assignments are as follows:

"2. The court erred in overruling the motion to suppress the evidence. To which ruling of the court the defendant duly excepted and still excepts.

"3. The court erred in permitting the state to introduce incompetent, irrelevant, and immaterial testimony over the objections of the defendant. To which ruling of the court at the time the defendant excepted and still excepts."

Section 2780, O. S. 1931 (22 Okla. St. Ann. § 196), is as follows:

"A peace officer may, without a warrant, arrest a person: (1) For a public offense, committed or attempted in his presence. (2) When the person arrested has committed a felony, although not in his presence. (3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. (4) On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

In this case, if it be a fact, which is not proven, that the defendant had a fight near the county line, it was

not in the presence of the officer and he would be without authority to make the arrest, the fight being a misdemeanor. The record is silent as to whether or not there had been a fight; nothing but rumor had the officer, and that would not have been justification for arresting the defendant if he had had the fight, unless it had occurred in the officer's presence.

The defendant had a right to be on the highway, and while the witness Kerr attempts to say he stopped and arrested him for fast driving, the witness Agee contradicts Kerr and states positively he stopped the defendant, and the defendant was not violating any law when he stopped him and had not gotten out of his car. There is no contention by either of the state witnesses that they could see the defendant had whisky in his car at the time they stopped him upon the public highway without a warrant for his arrest, or to search his car.

An officer seeking the enforcement of one law should not violate another in order to accomplish his purpose. Such conduct brings the administration of justice into disrepute and shows a subversion of peace and good order. When the officers searched the car of the defendant and claim to have found the whisky therein, they did so without any legal authority, and the search and seizure was unlawful and a violation of the defendant's rights as guaranteed him by the laws and Constitution of Oklahoma.

In Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424, in the first paragraph of the syllabus the court stated:

"Where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence."

In the second paragraph of the syllabus, the court further stated:

"Where the officer does not know of the act constituting the offense, it is not committed in his presence."

The right of the officers to arrest without a warrant is well defined by our statute and the decisions of this court, and without a warrant an officer has no right to arrest on mere suspicion that a misdemeanor is being or has been committed. He can only arrest without a warrant if a misdemeanor is committed in his presence.

In Condron et al. v. State, 31 Okla. Cr. 130, 237 Pac. 465, in the body of the opinion this court said:

"It has been repeatedly held by this court that, where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence, and that, where the officer does not know of the act constituting the offense, it is not committed in his presence."

There being no competent evidence to support a conviction without the use of the evidence that has been unlawfully obtained, the motion of the defendant to suppress the evidence should have been sustained, and the case dismissed, on the ground that there was no competent evidence to sustain a conviction.

The judgment is reversed, with directions to discharge the defendant.

DOYLE and BAREFOOT, JJ., concur.