## BENNETT BOWDRY v. STATE.

No. A-9359.   March 18, 1938.
(77 P. 2d 753.)

John Howard Payne, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, referred to in this opinion as the defendant, was by information charged with having possession of intoxicating liquor with the unlawful intent to barter, sell, give away, and otherwise furnish said liquor to other parties.

The defendant waived a jury and was tried by the court, found guilty, and sentenced to be confined in the county jail for 30 days and to pay a fine of $200 and costs. The record was properly preserved and the defendant appealed from the verdict of the trial court to this court.

Before the case was called for trial, the defendant filed a motion to suppress the evidence and exclude the testimony of the state, for the reason, "(1) that all the evidence upon which said information was based was illegally obtained by unlawful search of the automobile of this defendant by the officer, or the officers, without being authorized to make said search by any search warrant, as required by law; (2) the defendant also moves the court to make order excluding the articles and things seized as evidence, and to exclude the evidence and testimony of the person, or persons and the officer, or officers who made the seizure in all matters relating to such seizure, on the ground that said seizure was made by force and without law."

The motion was on the 2d day of March, 1937, heard by the court, the defendant testifying that he lived at 1105 N. E. 15th street, Oklahoma City, Okla.; then on the 11th day of November, 1936, he was about 10 miles this side of Blanchard, in Grady county, Okla.

"A highway patrolman drove up behind me and blew his siren and I drove over to the side of the road and stopped; he asked me if my name was Martin, and I told him it was Bowdry; he took the license number on the car and said it was a whisky car; he said I was under arrest and searched the car; he did not have a search warrant, said he did not have one, I was under arrest. There was no other officer with him; at the filling station we were advised we were in Grady county, and he called the sheriff and waited about an hour; Mr. Bond and another man (indicating) came out and I came into Chickasha in their car."

On cross-examination defendant stated:

"I was never drunk in my life; I had taken a drink, probably as much as two ounces; I did not do any reckless

driving before the officer arrested me. I usually drive 45 or 50 miles an hour and that was the rate I was driving when he stopped me. There was a woman in the car with me, I had picked her up, she was going to Oklahoma City; I did not know her name; just before the officer stopped me I did not take a drink nor did I make an unnecessary swerve in the road." The officer found whisky in the car.

The state called J. W. Wheeler, patrolman of the State Highway Department, who stated he arrested Bowdry; he had been helping a woman fix a flat:

"We put the tire in the car and went to the filling station to have it fixed; about a quarter of a mile south of the filling station defendant made a drive across the highway, he was traveling north and went plumb across the highway; I stopped him just the other side of the filling station for what I called reckless driving; he was drinking some, I don't know that he was drunk; he offered me a drink of whisky. I put him under arrest before I searched the car; yes sir, for reckless driving; I also arrested him for being a drunk driver. I told him he was under arrest; he asked me if I had a search warrant and I told him he was under arrest; I could not see the liquor before I searched the car; the reckless driving was committed in my presence."

On cross-examination witness stated he lived at Norman and was an employee of the state highway commission as a highway patrolman:

"I arrested the defendant about 5:30 the evening of November 11, 1936; he was driving in front of me and drove clear across the highway but did not get off the pavement and then came back to his own side; there was no other car or truck close to us; I smelled whisky on his breath. He is being tried for illegal possession of liquor and not for reckless driving; he did not try to speed away; he could have stopped sooner; I asked him his name and later asked him if it was Martin, he told me it was Bowdry; he told me himself he had whisky; he asked me if I had a search warrant and I told him I did not have one; I told him he was under arrest. I afterward called Sheriff Bond, of Chickasha, and he and Mr. Sweeney came out to the filling station."

The motion to suppress the evidence was by the court overruled, and the defendant was given an exception. Both parties waived a jury and tried the case to the court.

J. W. Wheeler in the trial of the case testified in substance the same as his testimony on the motion to suppress. The defendant asked him if he had a search warrant and "I told him I did not need any; I asked him what he had in the car and he said I could look in there and see. I searched his car and found whisky in it. The woman with him stayed around there a few minutes; I talked to her in the presence of the defendant; she said the defendant picked her up the other side of Chickasha, and said he offered her a drink; after I searched the car I called Sheriff Bond, at Chickasha."

The defendant asked the court to exclude all the testimony of this witness Wheeler because the testimony is entirely based upon an illegal search and seizure because it was secured without a search warrant and is therefore illegal and void, which motion was overruled, and the defendant excepted.

Sheriff Bond, of Chickasha, stated that the witness Wheeler turned the defendant over to him and he brought him into Chickasha. The defendant objected to the sheriff testifying as to what was turned over to him for the reason that it was an illegal search and seizure and void, and not admissible as testimony in this case, or considered, which was overruled and defendant excepted.

Sheriff stated he found liquor in the car but did not examine it or count it, he put the defendant in jail and took the liquor to the sheriff's office and stored it there.

"I could detect the odor of liquor on his breath; in my judgment he was under the influence of intoxicating liquor; the sheriff turned over to me a pint bottle, if I remember right, maybe a little more than one-fourth of the contents, one-third or one-fourth."

At the conclusion of the sheriff's testimony the defendant interposed the same motion to strike the sheriff's testimony as he did to strike the testimony of the witness Wheeler, which motion was overruled and the defendant saved an exception.

Claude Sweeney testified he was a United States Deputy in the Eastern District of Oklahoma: "I went with Sheriff Bond to bring the defendant Bennett Bowdry; I saw some whisky in the car." This statement was objected to by the defendant on the same grounds as he objected to the testimony of the witnesses Wheeler and Bond. The woman said the defendant tried to get her to drink with him, he had picked her up on the road; they were all standing around the car, about four or five feet away; "I could smell whisky on his breath. I drove defendant's car into Chickasha and the sheriff took the defendant into Chickasha in his car."

At the close of the state's evidence the defendant demurred to the same for the reason that the witness secured the same by an illegal search and seizure, which motion was overruled and exceptions saved. The defendant did not offer any testimony.

Several errors have been assigned by the defendant as grounds for reversal of his case, but in his brief he discusses only two:

"1.   Said court erred in overruling plaintiff in error's motion to suppress the evidence and exclude the testimony, etc.

"2.   Said court erred in overruling defendant in error's motion for a new trial."

The defendant at length discusses these assignments. No brief has been filed in behalf of the state, nor is there any reason given why the brief has not been filed.

The only question for this court to decide is the question, Is the method used by the highway patrolman to

search the car of the defendant, and in stopping the defendant on the public highway when he was driving along the highway lawful? Great stress is placed by the state witness Wheeler on the fact that defendant had a woman in the car with him. It is true there is no testimony introduced by the defendant as to whether the woman he had in the car had asked him to fix a flat for her or not, but the highway patrolman, Wheeler, had a woman in the car with him and was driving her somewhere to fix a flat for her or to have the flat fixed. The record does not disclose why there should be any jealousy between the defendant in this case and the witness Wheeler as each of them had their woman, and there is no testimony that defendant tried to interfere with the woman the patrolman had with him in his car. The testimony shows the patrolman rushed up in all pomp and splendor and blew his siren and stopped the defendant on the highway where he finally put the defendant under arrest and the woman stayed around for a short while and left, yet the testimony of the state officers show that from the time Wheeler phoned the sheriff at Chickasha, it was an hour or more before they came out there. The patrolman was standing close enough to hear the woman say the defendant offered her a drink; they were only four or five feet away from the car at the time the woman made the statement. Witness Wheeler claims her statement was made in the presence of the defendant.

Any statement made by the woman who was in the car with the defendant after the patrolman Wheeler had stopped the defendant and began a search is immaterial to the question involved in this case.

This court has repeatedly held that where the offense is not a felony, the officer cannot arrest without a warrant unless the offense was committed or attempted in his presence, and that where the officer does not know of the act constituting the offense, it is not committed in his presence. Leary v. State, 61 Okla. Cr. 298, 67 P. 2d 972, and authorities therein cited.

Patrolman Wheeler admits he did not have a warrant to search the car of the defendant or to arrest the defendant. The only testimony that he gives to justify his act in stopping the defendant on the highway is that he arrested him for reckless driving, but his own testimony clearly contradicts that fact, as he admits the defendant was not driving at a rapid rate of speed at the time he stopped him; in other words, the defendant was driving slow enough so that the prosecuting witness had no trouble in catching up with him and stopping him. The witness tries to sustain his position by stating he was following the defendant when he drove his car to the left side of the pavement, but did not go off the slab, and then went back to the right side; at that time the witness admits there were no cars near the defendant meeting him or following him; that statement of the patrolman is not sufficient to sustain his arrest of the defendant for reckless driving, for the reason that if it be admitted, which it is not, that the defendant did drive over to the left-hand side of the slab and back to his side, would not constitute reckless driving within the meaning of the law.

Section 2780, Okla. Stat. 1931, 22 Okla. St. Ann. § 196, is as follows:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

There is no contention by the witness Wheeler, who was a highway patrolman, that he could see the defendant

had whisky in his car at the time he stopped him upon the public highway without a warrant for his arrest or to search his car. The patrolman's effort to justify his unlawful act that the defendant was driving recklessly or intoxicated is not sustained by his own testimony, but there is no contention that the defendant was intoxicated or drunk at the time he stopped him. An officer seeking the enforcement of one law should not violate another in order to accomplish his purpose. Such conduct brings the administration of justice into disrepute and shows a subversion of peace and good order. When the officer stopped the defendant on the highway and searched his car, he did so without any legal authority and the search and seizure was an unlawful violation of the defendant's rights as guaranteed him by the laws and the Constitution of the state of Oklahoma, art. 2, § 30.

Where an officer does not know of the act constituting the offense, it is not committed in his presence. The defendant may be guilty, but he is entitled to a fair and impartial trial and to have all incompetent testimony excluded.

There is no competent or legal evidence in the record to support the conviction. The evidence offered by the state was secured by an unlawful search and seizure. The motion of the defendant to suppress the evidence should have been sustained and the case dismissed on the ground that there was no competent evidence to sustain a conviction. Tucker v. State, 62 Okla. Cr. 406, 71 P. 2d 1092; Leary v. State, 61 Okla. Cr. 298, 67 P. 2d 972.

The judgment of the trial court is reversed and the case remanded with directions to discharge the defendant.

DOYLE and BAREFOOT, JJ., concur.