# CHARLEY JONES v. STATE.

No. A-10535.   Feb. 20, 1946.
(166 P. 2d 443.)

92

Harold S. McArthur, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Ewing C. Sadler, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Charley Jones, was charged in the court of common pleas of Tulsa county with the unlawful possession of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

The sole issue for determination by this court is whether the search and seizure of the intoxicating liquor was unreasonable and the evidence obtained thereby inadmissible over the objection of the defendant.

There is no dispute about the facts. Two highway patrolmen and a garage man were proceeding north on Highway 11 in Tulsa county, when they saw defendant's car parked on a section line road about three-quarters of a mile off of the highway. They turned off the highway onto the dirt road to investigate. Shortly before the patrolmen reached the automobile, the defendant, who was the driver of the parked automobile, started it and commenced driving it toward the patrol car. The highway patrolmen testified that they turned on their red warning light and stopped. That the defendant attempted to drive around their car and one of the patrolmen jumped onto the fender of the defendant's automobile and jerked the ignition keys out of the switch, forcing

the defendant to stop his car. On the floor behind the front seat, the patrolman saw a one-gallon jug containing a clear, transparent liquid. The patrolman testified that he asked the defendant what was contained in the jug and the defendant gave no reply. Whereupon, the patrolman took hold of the jug, pulled the cork, took a smell and pronounced the contents as being corn whisky. The filing of these charges followed such disclosure.

In Bowen v. State, 50 Okla. Cr. 36, 295 P. 623, this court held:

"A search of an automobile without a search warrant and not as an incident of a legal arrest. not upon any probable cause of the commission of a felony, but upon a mere suspicion, is in violation of article 2, § 30, State Const., and evidence obtained by such a search is inadmissible."

In Lamb v. State, 59 Okla. Cr. 360, 60 P. 2d 219, it is stated:

"The search of the car without a warrant of arrest or search warrant, or knowledge by the officer that it contained whisky, held illegal, and evidence should be excluded upon timely objection."

See, also, Hamner v. State, 44 Okla. Cr. 209, 280 P. 475; Thomas v. State, 32 Okla. Cr. 57, 240 P. 133; Taylor. v. State, 36 Okla. Cr. 431, 255 P. 157; Morris v. State, 66 Okla. Cr. 384, 92 P. 2d 603; Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433, 434.

In the case of Hoppes v. State, supra, this court reversed a conviction in the county court of Pontotoc county and held a search of the automobile in that case was unlawful. The following rules of law were set forth in the syllabus of that case:

"Where an offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted to be committed in officer's presence.

"A peace officer may arrest without a warrant in the case of a misdemeanor only where it is committed or attempted in his presence. And where the officer does not know of the act constituting the offense it is not committed in his presence.

"Whether a search of or seizure from an automobile, parked on a public street, without a warrant, is or is not unreasonable within the meaning of the constitutional provision, forbidding unreasonable searches and seizures, is a judicial question to be determined in each case in view of all the facts and circumstances under which the search or seizure is made.

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not upon any probable cause of the commission of a felony, but upon a mere suspicion, is in violation of Bill of Rights, sec. 30, and evidence obtained by such a search is inadmissible. Const. Art. 2, sec. 30, Okla. St. Ann.

"Where an officer, after lawfully stopping or restraining a person, becomes aware that an offense is being committed or is about to be committed in his presence, he may lawfully arrest the offender without a warrant, but where the officer becomes aware of the facts constituting the offense after making an unlawful arrest, the arrest cannot be justified as being for an offense committed in his presence.

"Officers without warrant stopping and searching an automobile on public highway must possess knowledge or information of facts constituting probable cause for reasonable belief that automobile contains illegal liquor."

In the instant case, the officers were merely suspicious of the defendant's automobile being parked on the dirt road three-quarters of a mile off of the highway. They started towards it to investigate it because of their suspicions. They did not become aware that an offense was being committed by the defendant until they had stopped his automobile and opened the jug which they

found behind the front seat and discovered that it contained whisky.

We think under these facts the court erred in admitting the evidence obtained by the search over the objection of counsel for defendant. The evidence having been obtained unlawfully and in violation of the defendant's constitutional rights, it follows that the judgment of the court of common pleas of Tulsa county should be reversed and the defendant discharged.

It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., not participating.