STATE v. SIMPSON et al.

No. A-11179.    June 14, 1950.

(219 P. 2d 639.)

420

Wyatt, Wyatt & Edwards and Joe H. Reily, Shawnee, for defendants in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., and Shelton Skinner, Co. Atty., and Earl P. Enos, Asst. Co. Atty. Pottawatomie County, Shawnee, for plaintiff in error.

JONES, P. J.   Bill Simpson and R. E. Tillery were charged by an information filed in the county court of Pottawatomie county with the offense of illegal transportation of intoxicating liquor.   The defendants filed a motion to suppress the evidence, in which it was alleged that the search and seizure of the intoxicating liquor, which formed the basis for the prosecution, was in violation of the constitutional rights of the defendants.   Evidence was taken at the hearing on the motion to suppress the evidence and at the conclusion of the hearing the trial court sustained the motion.   Thereupon upon further motion of the defendants to dismiss the prosecution the court entered an order dismissing the case against the defendants and discharging their bond.

This appeal was taken by the state from the action of the court, and the reserved question of law presented by the appeal is that the trial court allegedly erred in sustaining the motion to suppress evidence.

At the hearing on the motion to suppress evidence, it was disclosed that Delbert Motley and Herbert Stroud, two deputy sheriffs of Pottawatomie county, had information that the defendant Tillery was engaged in the illegal sale of whisky. On September 7, 1948, Motley placed a telephone call to phone No. 393 in the city of Shawnee, which was the telephone number of Tillery. When the person answered the call Motley asked if it was Ray and the answer was "yes". Motley then said, "I am Ed Edwards and I operate Ed's Paint and Body Shop on East Highland Street". Motley further said, "I would like to have some whisky for a party", and the person answered, "I will try to see you". The call was placed by Motley at 3:30 p. m. and Motley directed the person to deliver the whisky at Ed's Paint and Body Shop at 4:30 p. m. At 4:10 p. m. the defendant Bill Simpson drove an automobile up in front of Ed's Paint and Body Shop. Ed Edwards, the owner of the place, asked him if he had anything to drink and when Simpson saw the officers answered, "not right now". Motley testified that he and Stroud walked out to the car which Simpson was driving and Simpson threw his leg over a package on the seat, and that he heard some bottles rattle; that Officer Stroud inquired, "What do you have in that sack?" and Simpson said, "sandwiches"; that Stroud asked to look in the sack and Simpson objected and said, "You have no authority to do that", but that Stroud went ahead over the protest of Simpson, seized the sack, examined it, and found three pints of Seagram whisky in it. They then arrested the defend-

ant, took him to jail, and upon returning to the car and searching it, found additional whisky concealed in the automobile. Motley was asked the specific question as to whether either he or Stroud knew that there was whisky in the car, to which he answered, "We knew that this car had been delivering whisky, but at that time we did not know whether there was whisky in the car or not". The officers had no warrant for the arrest of either Simpson or Tillery and had no search warrant for the automobile.

The search of the automobile is attempted to be justified on the theory that a misdemeanor had been committed in the presence of the officers, which justified the arrest of the accused and the search of his automobile. However, the principal contention of the state is that the officers acted upon a belief reasonably arising out of the circumstances known to the searching officers, that the automobile contained contraband whisky, and that a search without a warrant upon such reasonable belief was valid. This is the probable cause rule followed in many decisions of the Federal Courts: Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 59 S. Ct. 174, 83 L. Ed. 151.

Oklahoma does not follow the federal rule in this regard. The Constitution and statutes of Oklahoma as interpreted by the decisions of this court for more than 40 years is that where the offense is not a felony an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence, and, where the officer does not know of the act constituting the offense, it is not committed in his presence. Bowdry

v. State, 64 Okla. Cr. 86, 77 P. 2d 753; Tucker v. State, 62 Okla. Cr. 406, 71 P. 2d 1092; Taylor et al. v. State, 36 Okla. Cr. 431, 255 P. 157; Jones v. State, 82 Okla. Cr. 91, 166 P. 2d 443; Bowen v. State, 50 Okla. Cr. 36, 295 P. 623; Lamb v. State, 59 Okla. Cr. 360, 60 P. 2d 219.

The facts in the instant case are similar to those in Jones v. State, supra. There, two officers saw a known bootlegger parked about ¾ of a mile off the highway. They turned off the highway to investigate, but before they reached the parked car the defendant bootlegger started it and commenced driving it toward the officers' car. The officers turned on their red warning light and stopped. When the defendant reached the officers' car he attempted to drive around it but one of the officers jumped on the fender of defendant's automobile and jerked the ignition key out of the switch, forcing the defendant to stop. On the floor behind the seat was a one gallon jug of whisky. This court reversed the conviction on the ground that the search and seizure was not reasonable and not as an incident of a lawful arrest. The following syllabi of that case shows the rules of law which are followed by this court in passing upon questions of a similar nature:

"An officer without a warrant cannot arrest for an offense which was not a felony, unless offense was committed or attempted in his presence.

"A peace officer may arrest without a warrant for a misdemeanor only where the misdemeanor is committed or attempted in his 'presence,' and if the officer is unaware of the act constituting the misdemeanor, it is not committed in his 'presence.'

"Whether a search of or seizure from an automobile without a warrant is unreasonable, within the meaning of the constitutional provision forbidding unreasonable

searches and seizures, is a judicial question to be determined in each case, viewing all facts and circumstances under which the search or seizure was made.

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any probable cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable searches or seizures, and evidence obtained by such a search is inadmissible."

In this case the officers had strong suspicion that the defendant Simpson was transporting whisky in response to the telephone call which they had placed, but they did not see any whisky until after the search and seizure of the defendant Simpson's car was made over his protest. The action of the officers was unlawful and the court properly excluded the evidence thus obtained insofar as the defendant Simpson was concerned.

A different question is presented as to the defendant Tillery. Tillery did not testify and there is no evidence that he claimed ownership of the car or of the whisky. The car and whisky were in possession of Simpson.

It is established law that the constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights. Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Bynum v. State, 40 Okla. Cr. 352, 268 P. 993; White v. State, 33 Okla. Cr. 428, 244 P. 450; Rogers v. State, 72 Okla. Cr. 123, 113 P. 2d 606; Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843.

Under the record before us we can find no legal basis for sustaining the motion to suppress the evidence as to the defendant Tillery.

Our opinion on the reserved question of law presented is that the court correctly sustained the motion to suppress the evidence as to the defendant Simpson, but erred in sustaining the motion to suppress the evidence as to the defendant Tillery. The court properly ruled that the defense of entrapment presented by the defendants in the motion to suppress the evidence was a matter of defense to be presented in the trial of the case on its merits.

In defendants' brief it is argued that irrespective of the opinion of this court on the reserved question of law that the prosecution is at an end, and even though the state might be successful in their contentions that still the prosecution had ended.

This contention would have been correct if the court had entered an order acquitting the defendants. State v. Waldrep, 80 Okla. Cr. 230, 158 P. 2d 368. However, an examination of the order entered by the trial court shows the court, after sustaining the motion to suppress the evidence, dismissed the case against the defendants and discharged their bond. This operated as a conclusion of that particular case. The motion to suppress the evidence was presented at a time when the case had not been assigned for trial and no jury had been empaneled. Since the defendant Tillery has not been placed in jeopardy, this does not preclude the county attorney from instituting another prosecution against him for this offense.

BRETT and POWELL, JJ., concur.