# HOLLAND et al. v. STATE.

No. A-11245.   Jan. 3 1951.

(226 P. 2d 448.)

John W. Tyree and C. S. McCuistion, Lawton, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendants in error.

JONES, P. J. The defendants, Al Holland and Howard Barbee, were charged in the county court of Comanche county with the unlawful transportation of intoxicaing liquor; a jury was waived, at the trial the court found each of the defendants guilty and sentenced them to serve 90 days in the county jail and pay a fine of $500.

Prior to the commencement of the trial the defendants presented their separate motions to suppress the evidence, which were overruled. This action of the court is assigned as error.

The evidence of the defendants introduced at the hearing on the motion to suppress showed that the defendant Al Holland was the owner of a one-half interest in a 1949 model Ford pickup truck; that on December 11, 1948, Holland loaned the truck to defendant Barbee for the purpose of making a trip to Chickasha. Holland testified that he went along with Barbee for the purpose of visiting some of his relatives that lived in Chickasha. They started their return trip to Lawton about dark. A few miles north of Lawton they passed a highway patrol car stationed at the side of the road and immediately after they passed the patrol car it pulled onto the highway and started following the truck oc-

cupied by the defendants. Later, as the truck proceeded down the highway to a point about one-half mile north of the city of Lawton, just as it passed the Indian curio shop, the defendants passed a car occupied by the sheriff and undersheriff which was parked on the west side of the highway with its headlights facing east across the highway; that immediately upon passing the sheriff's car the sheriff pulled in behind the truck and after the occupants of the truck drove a short way down the highway they turned off the pavement onto a section line road that intersected with the main highway. They were followed off of the highway by the sheriff's car, the sheriff then sounded the siren of his automobile, whereupon Barbee stopped the truck. The sheriff came over to the truck, stepped up on the fender and looked over inside the truck and said, "this is a load of whisky." Floyd W. Kennedy, the undersheriff, directed the defendants to get out of the pickup truck. The officers had no search warrant to search the truck, nor did they have a warrant of arrest for either Holland or Barbee. The pickup truck had a grain bed with side boards and it was impossible for any one to see what was in the grain bed of the truck without climbing up on the fender and peering over the top of the side boards which extended almost to the top of the cab of the truck.

John Duke, a highway patrolman, testified that on the night of December 11, 1948, he was on duty and had his patrol car parked just south of the Rock Island Depot at Fort Sill. He saw the pickup truck occupied by the defendants driving southward on U. S. Highway No. 277, and he pulled into the line of traffic a few cars behind the truck; that he was looking for a truck which fit the description of the one occupied by defendants; that he worked his way up to within two or three cars of

the pickup truck to where he could read the license tag on the pickup. After getting the tag number of the truck he determined that it was not the truck for which he was looking. He continued driving behind the truck until it turned off of the highway. The truck was being driven at a speed of about 30 to 35 miles per hour and in a lawful manner. Otherwise, said the patrolman, he would have arrested the driver.

Sheriff Waldron and Deputy Sheriff Kennedy each testified that they had been notified that the pickup truck loaded with whisky was being driven along U. S. Highway 277 from Fletcher to Lawton. Sheriff Waldron said that they had been watching for this pickup truck for four or five days, but had never had a search warrant issued. These officers testified that defendant Barbee turned sharply off of the highway in the front of oncoming cars and that they arrested him for this reckless driving. Holland was allegedly arrested after the whisky was found. The officers admitted that they could not see inside of the truck because of the side boards and did not know positively that whisky was in the truck until the sheriff crawled up and looked over the side boards.

The arrest and subsequent search of the truck and seizure of the whisky is attempted to be justified on the ground that the officers lawfully arrested the defendant Barbee for the offense of driving the truck recklessly on the highway based solely on the alleged fact that Barbee turned sharply off the highway just in front of oncoming cars almost causing a wreck.

After a consideration of the foregoing facts it appears that the evidence was wholly insufficient to support a conviction for reckless driving, especially when the of-

ficers admit that when the defendants turned off the highway they instantly followed them, and the officers' car was completely off of the highway ahead of the oncoming cars. Their action in turning off the road was not enough to even attract the attention of the highway patrolman. The officers had known for several days that they wanted to search this truck and had made no effort to procure a search warrant and we are firmly convinced that the claim of reckless driving was purely a pretense and subterfuge for concealment of the real purpose of searching the automobile. The officers' testimony showed that they were lying in wait for the purpose of stopping the truck and searching it. In Johnson v. State, 92 Okla. Cr. 63, 220 P. 2d 469, this court held:

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any probable cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable searches or seizures, and evidence obtained by such a search is inadmissible.

"Where an officer, after lawfully stopping or restraining a person, becomes aware that an offense is being committed or is about to be committed in the officer's presence, he may lawfully arrest the offender without a warrant, but where the officer becomes aware of the facts constituting the offense after making an unlawful arrest, the arrest cannot be justified as being for an offense committed in the officer's 'presence'.

"The search of motorist's automobile without warrant of arrest, or search warrant, or knowledge that automobile contained intoxicating liquor, after motorist was unlawfully arrested, was an 'unreasonable search' within meaning of the Constitution giving the right to be secure against 'unreasonable searches,' and evidence obtained from the motorist should have been excluded in prosecution for the unlawful possession of intoxicating liquor.

"Where highway patrolmen follow automobile of known bootlegger for several miles and then stop him for allegedly driving eighteen inches across the center line of the road and search defendant and his automobile but no charge is filed for alleged reckless driving, the court will treat the action of the officers as an unlawful violation of the defendant's constitutional right to immunity from an unlawful search, and upon timely motion to suppress, the evidence obtained by the illegal search should have been excluded."

In the body of the opinion it is stated:

"It is apparent to us, based on the evidence and the reasonable inferences to be drawn therefrom, that the officers were suspicious that defendant was transporting intoxicating liquor in his automobile. They started following it with the intent to investigate and search the car because of their suspicion. Defendant was driving at a very moderate rate of speed and the officers followed him for several miles before they forced him to stop by sounding their siren and turning the red stop light on him. The fact that defendant might have crossed the center line of the highway a few inches during this drive was merely used as a subterfuge by the officers to cover up their determination to search defendant's car. The officers did not become aware of the whisky being contained in the automobile until they discovered it after forcibly stopping defendant."

Other cases in point are: Tucker v. State, 62 Okla. Cr. 406, 71 P. 2d 1092; Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433; Jones v. State, 82 Okla. Cr. 91, 166 P. 2d 443; Lamb v. State, 59 Okla. Cr. 360, 60 P. 2d 219; Bowen v. State, 50 Okla. Cr. 36, 295 P. 623; Bowdry v. State, 64 Okla. Cr. 86, 77 P. 2d 753; Jones v. State, 88 Okla. Cr. 243, 202 P. 2d 228. In most of these cases the facts were more favorable to the arresting officers than they are in the instant case. Yet in all of them this court held the search and seizure was unlawful.

The trial court having erred in overruling defendant's motion to suppress the evidence, the judgment and sentence of the county court of Comanche county is accordingly reversed and remanded, with instructions to dismiss.

BRETT and POWELL, JJ., concur.