# BARNETT v. STATE.

No. A-11376. Aug. 1, 1951.

Rehearing Denied Sept. 12, 1951.

(235 P. 2d 555.)

James Barnett, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Paul Barnett, was charged by an information filed in the county court of Payne county with the crime of transportation of intoxicating liquor; a jury was waived; the defendant was tried; found guilty and sentenced to serve 45 days in the county jail and pay a fine of $500; and has appealed.

The only assignment of error presented in the brief of defendant is the alleged error of the court in overruling the motion to suppress evidence presented by the defendant prior to the commencement of the trial.

The evidence on the motion to suppress evidence was substantially as follows: Paul Barnett testified that he lived in Oklahoma City and was enroute from Cairo, Illinois, to Oklahoma City in a 1947 Dodge, one and one-half ton truck, traveling west on Highway 51 about 15 or 16 miles east of Stillwater; there was very little traffic on the road; he noticed a car following him for about six or seven miles, defendant was driving the truck 35 or 40 miles per hour; the car went around him and he saw that it was a highway patrol car; they drove ahead of him about one-half mile and stopped; the defendant drove his truck on past the patrol car and they then drove their car up behind the defendant, flashed their warning light and stopped defendant; the truck which defendant was driving had a grain bed on it which was completely covered with a tarpaulin.

The whiskey involved in the prosecution was concealed in the grain bed by both the enclosed sides of the bed and the tarpaulin which completely covered it. After defendant was stopped one of the highway patrolmen came to him at the cab and asked if he didn't think he was going a little too fast. The other patrolman climbed up on top of the truck and asked defendant what he had in there and defendant replied that he had a load of rock salt. This trooper then raised the tarpaulin and discovered the whiskey. The defendant was handcuffed and taken to Stillwater and placed in the Payne county jail. Defendant said the truck and whiskey belonged to him.

T. E. Hall, a member of the highway patrol, testified that on the night of December 12, 1948, he was driving his patrol car on State Highway 51 in Payne county on routine patrol duty; Eual Gay, another patrolman, was with him; the patrolmen were trying to enforce a Christmas holiday proclamation by the safety commissioner limiting the speed to 50 miles an hour; this proclamation was not the law and was only effective during the holidays; they noticed that the truck driven by defendant and a car ahead of the truck were both driving about 55 miles an hour; they passed the truck and followed the car for about a mile and noticed through the rear view mirror the truck was slowing up, so they pulled off on the side of the roadway and waited for the truck; they did not pursue the car in front because he was not violating the law, but the truck was violating the state law in that he was going in excess of the 45 miles an hour state law; after the truck had passed they drove up and stopped him and arrested him for speeding; they asked what he was carrying and he said, "Salt"; Trooper Gay stepped up to the right hand side of the car and asked Barnett, "How many cases have you got", and Barnett said, "About one hundred and twenty-one"; the truck was just a standard grain bed type with a tarpaulin over the top of the grain bed; the patrolman further said, "I couldn't see anything; I don't know whether my partner searched the truck or not, I didn't see him".

Eual Gay testified that he was the highway patrolman along with Trooper Hall who arrested defendant on the night of December 12, 1948. His testimony was substantially the same as that of Trooper Hall, that is, the defendant was arrested for violating what the patrolmen thought was a 45 mile per hour

speed limit. After defendant had been arrested Patrolman Gay looked through a hole in one of the boards and saw a pasteboard box which said whiskey on it. After he saw the whiskey he asked the driver, "How many cases do you have", and he said, "Oh, about one hundred and twenty-one". On cross-examination he testified that the traffic was very light on highway 51. He admitted that the truck had a tarpaulin over it which was nailed down. After he discovered the whiskey he placed the handcuffs on the driver and took him to the court-house.

It was the contention of the patrolmen that the defendant committed a misdemeanor in the presence of the officers which justified them in arresting him for such demeanor, and that after he was lawfully arrested they were entitled to search his truck.

The highway patrolmen were in error in stating to the trial court that the defendant was violating a 45 mile per hour speed limit because there was no law at the time of the arrest fixing a speed limit of motor vehicles such as was driven by defendant. We did have a reckless driving law which provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead." 47 O. S. 1941 § 92.

Under the testimony of the highway patrolmen treated in its most favorable light, the defendant was not violating the terms of this statute. The traffic was light. The defendant was not driving his car in a reckless manner. The highway patrolmen contended that he was driving 50 to 55 miles an hour, but in the absence of any weaving across the highway or other actions which would denote reckless driving, the fact that the defendant was driving at this rate of speed on a highway where there were very few other motor vehicles would not constitute reckless driving.

In the case of Holland v. State, 93 Okla. Cr. 180, 226 P. 2d 448, this court in a similar case laid down the following rules of law:

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any probable cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable searches or seizures, and evidence obtained by such a search is inadmissible.

"Where an officer, after lawfully stopping or restraining a person, becomes aware that an offense is being committed or is about to be committed in the officer's presence, he may lawfully arrest the offender without a warrant, but where the officer becomes aware of the facts constituting the offense after making an unlawful arrest, the arrest cannot be justified as being for an offense committed in the officer's 'presence'.

"The search of motorist's automobile without warrant of arrest, or search warrant, or knowledge that automobile contained intoxicating liquor, after motorist was unlawfully arrested, was an 'unreasonable search' within meaning of the Constitution giving the right to be secure against 'unreasonable searches,' and evidence obtained from the motorist should have been excluded in prosecution for the unlawful transportation of intoxicating liquor.

"Where officers had information that certain truck was transporting intoxicating liquor and parked their automobile near the highway for several nights looking for the truck and when truck came along the highway driving

about thirty miles per hour the sheriff turned onto the highway immediately behind the truck, sounded his siren and stopped the truck for alleged reckless driving and searched the truck without a warrant, the court will treat the action of the officer in making the arrest for alleged reckless driving as a subterfuge, where the facts fail to show defendant guilty of reckless driving, and an unlawful violation of the defendant's constitutional right to immunity from an unlawful search."

It is hard for us to believe that the highway patrolmen were so unfamiliar with the law governing reckless driving that they thought defendant was guilty of reckless driving. It is our conclusion from this record that after the patrolmen had passed the truck in pursuit of the automobile in front of the truck for the purpose of giving the driver of the automobile a warning about the commissioner's proclamation, that their suspicions became aroused because of the looks of the truck and that they determined to investigate it. They had no warrant, and no crime was committed in their presence to justify the arrest of the defendant without a warrant. The alleged reckless driving was merely used as a subterfuge by the officers to cover up their determination to investigate the contents of the truck. The officers did not become aware of the whiskey contained in the truck until they discovered it after forcibly stopping defendant. In a large number of cases, where the facts were more favorable to the arresting officers than they are in the instant case, we held the search and seizure was unlawful. Johnson v. State, 92 Okla. Cr. 63, 220 P. 2d 469; Jones v. State, 88 Okla. Cr. 243, 202 P. 2d 228; Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433; Bowdry v. State, 64 Okla. Cr. 86, 77 P. 2d 753; Jones v. State, 82 Okla. Cr. 91, 166 P. 2d 443.

The county court of Payne county having erred in overruling defendant's motion to suppress the evidence, the judgment and sentence of such county court is accordingly reversed and remanded with instructions to dismiss.

BRETT, P. J., and POWELL, J., concur.

## On Petition for Rehearing

JONES, J. The Attorney General has filed a petition for rehearing in which our attention is directed to 47 O. S. 1941 Sec. 95, Sub. (b) which reads:

"No truck, truck-tractor with semi-trailer attached, or trailer, shall travel or be moved upon any public highway, when the weight of any such vehicle or vehicle and load is 20,000 pounds or less, at a rate of speed in excess of thirty-five (35) miles per hour. And when the weight of any such vehicle and load exceeds 20,000 pounds net such rate of speed shall not exceed thirty (30) miles per hour."

On rehearing it is contended that the Dodge truck or pickup being driven by the defendant at the time of his arrest comes under the classification of a truck as defined by the above statute and therefore it was illegal for the defendant to drive such vehicle at a speed in excess of thirty-five (35) miles per hour.

In the original briefs filed by counsel for the defendant and by the Attorney General each contended that Tit. 47, O. S. 1941 Sec. 92 was the applicable statute which controlled in the disposition of the case. Although this court strongly disapproves of the action of the Attorney General in changing his position in his petition for rehearing to that which he maintained in the brief which was filed before the opinion was written, still if this court has erred in its opinion, in the interests of justice, we are glad to make a correction.

The record shows that the highway patrolmen who arrested the defendant filed a charge of speeding against him and that at the time said case came on

for trial defendant appeared with his counsel, whereupon the county attorney asked the court to dismiss the case with prejudice for the lack of sufficient evidence to convict, which order of dismissal with prejudice was made. The highway patrolmen who made the arrest of the accused did not contend that defendant was violating 47 O. S. 1941 Sec. 95, Subdivision (b), hereinabove quoted, but merely asserted in the trial court when they were testifying as witnesses that it was their opinion the defendant was violating the forty-five mile an hour speed limit. As heretofore shown in the opinion of the court, there was no statute fixing a forty-five mile per hour speed limit on any motor vehicle at the time of the arrest of the accused.

The dismissal of the speeding charge and the circumstances surrounding the arrest of the defendant convince us without doubt that the arrest of the defendant was on suspicion and the subsequent search was accordingly illegal. The allegation of excessive speed was merely a subterfuge which was used to attempt to justify an unlawful arrest. Under such a view of the record it therefore becomes unnecessary for us to decide whether the vehicle being driven by the accused was a truck as defined under the statute hereinabove quoted or is governed by the same regulations affecting all motor vehicles, Tit. 47 O. S. 1941 Sec. 92.

Rehearing is denied. Mandate ordered to issue forthwith.

BRETT, P. J., and POWELL, J., concur.