## WILSON v. STATE.
### No. A-12022.

Criminal Court of Appeals of Oklahoma.

June 23, 1954.

William N. Mounger, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

This is an appeal from a conviction sustained by J. D. Wilson in the Court of Common Pleas of Oklahoma County for the unlawful possession of whiskey. The whiskey was obtained by a search of defendant's automobile which was sitting in the driveway of a neighbor of defendant's and not on the premises of defendant.

The sole question presented by the appeal is whether the trial court erred in overruling the motion to suppress evidence.

At the hearing on the motion to suppress, it was shown that on March 17, 1952, two deputy sheriffs of Oklahoma County procured a search warrant to search certain premises occupied by the defendant in Oklahoma City. A search was made of the premises described in the warrant and no contraband was found. Immediately after the search had ended, one of the officers detected the automobile of defendant parked in the driveway of the house adjacent to the premises of defendant. He asked defendant for the keys to his car and the keys were delivered to him. The car was then searched and several pints of whiskey were found in the trunk of the car. Defendant testified that the automobile and the whiskey belonged to him.

The evidence was undisputed that the search warrant did not extend to the premises where the automobile was found and did not purport to authorize a search of the automobile.

In Jones v. State, 82 Okl.Cr. 91, 166 P.2d 443, this court held, "A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any probable cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable searches or seizures, and evidence obtained by such a search is inadmissible." See also Bowen v. State, 50 Okl.Cr. 36, 295 P. 623; Lamb v. State, 59 Okl.Cr. 360, 60 P.2d 219; Hoppes v. State, 70 Okl.Cr. 179, 105 P.2d 433; Crim v. State, 78 Okl.

Cr. 153, 145 P.2d 444. In the instant case, the officers admitted that they searched defendant's car upon mere suspicion. Defendant was not under arrest and no crime was committed in the presence of the officers which would have justified the search of the car without a warrant. Furthermore, there was no valid waiver by the defendant of his right to demand a search warrant. Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143; Dawson v. State, 83 Okl.Cr. 263, 175 P.2d 368; Denton v. State, 62 Okl.Cr. 8, 70 P.2d 135.

The search was illegal. The motion to suppress evidence should have been sustained. The judgment and sentence of the Court of Common Pleas of Oklahoma County is reversed.

POWELL, P. J., and BRETT, J., concur.