**UNITED STATES of America,**
**Plaintiff,**

**v.**

**James Edward WARE, Defendant.**

**Crim. No. 70–161.**

·United States District Court,
W. D. Oklahoma.

Aug. 21, 1970.

William R. Burkett, U. S. Atty., Western District of Okl., Jeff Laird, Asst. U. S. Atty., Western District of Okl., for plaintiff.

Leon Tabor, Oklahoma City, Okl., for defendant.

### ORDER OVERRULING MOTION TO SUPPRESS EVIDENCE

DAUGHERTY, District Judge.

Defendant's motion to suppress evidence comes on for hearing this 21st day of August, 1970, and the Court, after hearing the evidence and argument of counsel, finds that said motion should be overruled for the reasons hereinafter set forth.

Defendant is charged with attempting to board a commercial aircraft while carrying a concealed dangerous weapon, in violation of Title 49, United States Code, Section 1472(*l*). The evidence is undisputed. On July 14, 1970, while defendant was a passenger in an airport limousine enroute ·to Will Rogers Airport in Oklahoma City, a fellow passenger saw a pistol fall from and be returned to defendant's pocket. The fellow passenger reported this incident to airline personnel, gave a description of the defendant and advised that the defendant planned to leave for San Francisco, California, on TWA Flight 465. Airline personnel relayed this information to an officer of the Oklahoma City Police Department assigned to the airport. The officer promptly started a search for the defendant and found him standing in line to board TWA Flight 465, which was about to depart for San Francisco. Defendant had checked his luggage on this flight. The officer, who was wearing police uniform, badge and

**1334**

insignia, advised defendant that he wished to talk to him and then escorted him down a stairway away from the crowd. The officer told defendant that information had been received that he was carrying a pistol and it would be necessary to search him. Defendant's hands were placed against a wall and the officer "pat searched" him, patting the outside of his clothing until a hard object was felt through his coat, and the officer then reached inside the coat and removed a .25 calibre automatic pistol from defendant's inner coat pocket, whereupon the officer advised defendant that he was under arrest for carrying a concealed weapon. The pistol was not loaded and neither defendant nor his companion had any ammunition for it.

Defendant urges suppression of the pistol and all evidence resulting from its discovery and seizure, contending that the search, seizure and arrest were unlawful and that the unloaded pistol was not a dangerous weapon.

■ Under the circumstances disclosed by the evidence, the officer acted properly. The investigatory search and seizure were reasonable, the arrest was lawful, and the evidence procured thereby and resulting therefrom is admissable. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967); United States v. Brown, 305 F.Supp. 415 (W.D. Texas, 1969); Amos v. State, 97 Okl.Cr. 211, 261 P.2d 626 (1953); Holland v. State, 93 Okl.Cr. 180, 226 P.2d 448 (1951); Johnson v. State, 92 Okl.Cr. 63, 220 P.2d 469 (Okl.1950).

The question of whether an unloaded pistol is a dangerous weapon within the meaning of 49 U.S.C. § 1472(l) does not appear to have been involved in any reported decision. The framers of this statute, in the Congressional Committee report recommending its passage, commented:

"Consideration was given to attempting to define the term 'deadly or dangerous weapon.' However, this is not practicable. These terms have been used in other provisions of Title 18 of the United States Code, and in many State criminal laws. The courts will determine, in each case, as it arises, whether the weapon in question was deadly or dangerous." House Report No. 958, 87th Congress, 1st Session, 1961 U.S.Code Cong. & Adm.News, p. 2570.

A general statement of how the courts have ruled on similar questions is in the annotation at 79 A.L.R.2d 1414, 1415:

"The question as to the effect of the unloaded character of the gun has also been raised in connection with various offenses involving the concealment or carrying of weapons. In this connection, the decision has turned upon the particular terms of the statute, with probably the majority of the courts which have passed upon the matter taking the view that the purpose of the statute to maintain public peace and safety should be effectuated by holding that a violation might be based on carrying or concealing an unloaded as well as a loaded gun."

In interpreting the "dangerous weapon" provisions of various federal statutes, the courts have held that proper determination requires consideration of the entire context; what in one context might not be a dangerous weapon in a different context would be a dangerous weapon, giving consideration to the language and purpose of the specific statute involved, the nature, use or anticipated use of the "weapon" involved and the consequences logically flowing from its use. See United States v. Barber, D.C.Del.1969, 297 F.Supp. 917, 922, 923, and cases cited therein; Baker v. United States, 5 Cir. 1969, 412 F.2d 1069; United States v. Brown, 9 Cir. 1969, 413 F.2d 878.

■■ The prime purpose of 49 U.S. C. § 1472(l) is to prevent hijacking of commercial airliners. It has been demonstrated many times that an airliner

can be hijacked with an unloaded gun. Under all of the circumstances here presented, it is concluded that the unloaded .25 calibre automatic pistol in defendant's pocket was a dangerous weapon within the purview of 49 U.S.C. § 1472(*l*).

It is hereby ordered and decreed that the defendant's motion to suppress evidence is overruled.