**Raymond LEONARD, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–16670.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

Victor C. Wood, Jr., Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Raymond Leonard, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, Case No. CRF-70-2729, for the offense of Carrying a Concealed Weapon after Former Conviction of a Felony; his punishment was fixed at nine (9) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Officer Larry Rodgers testified that on September 18, 1970, he was employed as a police officer with the Oklahoma City Police Department and assigned to the Patrol Division and his partner was Officer Larry Koonce. They received a call at 1:00 a. m. from the police dispatcher that there was a man with a gun at a bar located at 1213 North Lottie in Oklahoma City. Upon arriving at the bar, he was approached by a man he assumed was the owner or manager. The manager stated, "there was a gentleman in here previous that had a gun and fired it." Upon request, the manager pointed out the defendant as the man who fired the gun. Officer Rodgers then approached the defendant and noticed he spoke with slightly slurred speech and had a strong odor of alcohol about him.

Officer Rodgers testified he then placed the defendant under arrest for being intoxicated and removed him to the police car where defendant was searched. The search revealed a .38 caliber pistol hidden in the small of defendant's back under his trousers.

Officer Rodgers made an in-court identification of the defendant and identified the weapon and five rounds of ammunition (one spent) removed from the weapon. The weapon and ammunition were both offered and received as evidence.

Officer Rodgers further testified that at no time did he give the defendant his Miranda warning.

Officer Larry Koonce testified he was Officer Rodgers' partner on September 18, 1970.

Officer Koonce's testimony was substantially the same as Officer Rodgers' except he was not present when the defendant was arrested and he (Koonce) testified Of-

ficer Rodgers gave defendant his Miranda warning.

Defendant did not take the stand nor was any evidence offered in his behalf.

■ Defendant's first proposition asserts there was insufficient evidence at the preliminary hearing to establish probable cause.

At the preliminary hearing, Officer Larry Koonce testified that the defendant had not been placed under arrest prior to his being searched; but at the trial he (Koonce) testified he did not know when the defendant was placed under arrest as he was in the bar with the manager at the time Officer Rodgers placed defendant under arrest.

Assuming, arguendo, that defendant was not under arrest at the time of the search, we do not deem the search to be illegal under the facts in this case. The officers were informed by the manager of the bar that defendant was in possession of a gun and had fired the gun in the bar. The defendant was pointed out by the manager as the person with the gun.

In the case of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court stated at page 27 of the official opinion, 88 S.Ct. at page 1883 the following:

"Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger."

Also, see the case of United States v. Ware, 315 F.Supp. 1333 (D.C.1970).

■ Defendant's second proposition asserts error of the trial court in admitting as evidence statements by defendant to the police officers, over objections of defense counsel, when there was evidence in the record that the defendant was not given his constitutional rights at the time of the arrest.

The record reflects the following testimony by Officer Koonce which was objected to by the defendant:

"Q. What happened then?
"A. We asked the man to get out of the car and he got out of the car and my partner asked him if he had a gun, to which he replied, 'No, I don't have a gun.' And we said—we once again asked him, and he said, 'Well, I had to get my thing. The man did me wrong and I had to get my thing.'"

Title 20 O.S.1971, § 3001 states:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless it be the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

We do not believe the above complained of statement made by defendant to the arresting police officers and admitted as evidence over defendant's objection was error under *Terry, supra.* Moreover, if error, we deem it to be harmless error and did not prejudice the defendant in his right to a fair trial under 20 O.S.1971, § 3001, *supra.*

■ Defendant next asserts error with the fact that the weapon described in the information was different than the weapon admitted at trial. Defendant cites no authority in support of this proposition. We have reviewed the record and find the defendant was not deprived of any fundamental right; we, therefore find no merit

in this proposition. See Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

■ Defendant's final proposition asserts the trial court erred in refusing to give Instruction Number Six offered by defense counsel setting forth the defendant's theory of defense.

Defendant's requested Instruction Number Six states:

"Ladies and Gentlemen of the Jury: The Court instructs you that, if you find the search of the defendant took place prior to his arrest, any evidence produced thereby or testimony concerning what was found is inadmissible and should not be considered in determining the guilt or innocence of the defendant."

The trial court rightfully refused to give defendant's requested Instruction Number Six. This instruction, if given, would ask the jury to rule on questions of law. See 22 O.S.1971, § 834.

We have carefully reviewed the record finding no error that would justify reversal or modification. We are of the opinion the judgment and sentence herein should be, and same is affirmed.

BUSSEY and BRETT, JJ., concur.