DOCK ISBELL et al. v. STATE.

No. A-1067.   Opinion Filed May 18, 1912.
Appeal from Craig County Court;
S. F. Parks, Judge.

Dock Isbell and Clay Tittle were convicted of violating the prohibitory law, and appeal.   Reversed.

James S. Davenport, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., and C. Caldwell, Co. Atty., for the State.

PER CURIAM.   The plaintiffs in error were tried and convicted on an information which jointly charged the unlawful conveyance of intoxicating liquor from one place to another.   In accordance with the verdict of the jury, on February 6, 1911, judgment and sentence in accordance with the verdict that each of said defendants serve a term of sixty days in the county jail and pay a fine of two hundred and fifty dollars was entered.   From the judgment and an order overruling their motion for a new trial the defendants appealed by filing in this court on March 16, 1911, their petition in error with case-made attached.   Numerous assignments of error are presented by the petition and argued in the brief.   After a careful examination of the record, the conclusion of the court is that the judgment in this case can not be permitted to stand for the sufficient reason, without considering other assignments of error apparently well taken, that the evidence is insufficient to sustain the verdict.   The proof on the part of the state tends to show the following facts:   Jacob Smith testified that he was a deputy· constable, seeing the defendants in a carriage on the streets of Vinita, Isbell driving and Tittle in the back part; he went over to them and reached into the carriage to get a sack therein; that they drove off, and when they started he fell off and pulled his gun and shot a couple of times.   That when they drove away Tittle threw a package out on the ground and witness went there with Robert Cox and picked up some broken bottles in a paper sack, that whisky was running out of it, and that he did not have a warrant for the arrest of the defendants.   Robert Cox testified that the paper sack smelt like whisky when they picked it up.   Three or four witnesses testified to seeing the prosecuting witness Smith shoot a couple of times when the defendants drove off.   But they did not see the paper sack thrown from the carriage.   The shooting by the prosecuting witness in this case was without justification in any way.   Officers of the law should know and understand that they have no authority to use fire arms in making arrests for misdemeanors, unless the offender resists the arresting officer.   Assuming that the paper sack contained whisky, the evidence leaves it as a matter of conjecture as to which one of the defendants conveyed it.   The testimony and conduct of the prosecuting witness fails to show the commission of the offense charged with that certainty and satisfaction that justifies an affirmance of the judgment, and it is therefore reversed.