## BILL McCLARY v. STATE.

No. A-5592.  Opinion Filed June 10, 1926.
(246 Pac. 891.)

F. W. Church, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case, filed in the county court of Ottawa county, December 1, 1924, charges that in said county, on December 8, 1923, Bill McClary, did have in his possession intoxicating liquor, to wit, whisky, with the unlawful intent to sell the same. A trial was had thereunder. The defendant was found guilty as charged in the information; the jury leaving the punishment to the court. Motion for new trial was duly filed and overruled. March 16, 1925, the court sentenced defendant to serve six months in the county jail, and to pay a fine of $500 and the costs.

To reverse the judgment, he assigns as error that the verdict is contrary to law and the evidence, and the insufficiency of the affidavit upon which the search warrant issued and the invalidity of the search warrant under which all the evidence offered by the state was obtained.

Before commencement of the trial, the defendant filed a motion to suppress the evidence on the ground that the officers had no authority to search for and seize the same. This motion was denied, and during the trial the question was saved for review by timely objections, motions to strike, and exceptions taken.

The state called A. A. Thomas, justice of the peace at Commerce, who produced an affidavit for a search warrant subscribed and sworn to by V. A. Gamble on November 24, 1923. He testified that on the same day

he issued a search warrant thereon, but was unable to find it.

V. A. Gamble, night marshal at Commerce, testified that he made the affidavit and procured the search warrant, and gave it to Chief of Police Flye.

Against the defendant's objections, he further testified that he was with Bill Sanderson, Frank Kitto, and Mr. Flye when they visited the B. F. McClary place; that they found two half pints of whisky in the washstand, one half pint under the sill of the house, and two in a garage; that the search was made on the night of the 8th day of December, 1923; that the search warrant issued November 24, 1923.; that the defendant's father, B. F. McClary, owned the premises, and was there at the time.

The defendant moved to have the evidence stricken, because the search warrant was not served within three days, as required by law. The motion was denied. This was all the evidence in the case.

He then moved for a directed verdict of acquittal on the ground that all the testimony was obtained in executing a void search warrant, and that the evidence is insufficient to connect him with the offense charged, which motion was overruled.

Upon careful examination of the record we are satisfied that the evidence offered by the state tending to prove the guilt of defendant was incompetent, because the same was obtained by an illegal search under a void search warrant.

Section 7009 of the Enforcement Act provides that upon complaint or affidavit sufficient to show that there is probable cause, a search warrant shall issue, directed to any peace officer in the county, commanding him to

search the premises described in such complaint and warrant, and, after executing the same, "to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any."

It further provides:

"A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

Section 7010 requires that—

"The judge or magistrate shall fix a time, not less than ten days, nor more than thirty days thereafter, for hearing of said return, when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or possessed by any person within this state, with the intention of violating any of the provisions of this act."

Our Procedure Criminal provides (section 2886):

"A search warrant must be executed and returned to the magistrate by whom it is issued within ten days. After the expiration of these times respectively, the warrant, unless executed, is void."

In view of these direct and plain provisions of the statute, and in view of the undisputed fact that the search warrant, which could not be found, was not served until 14 days after it was issued, it must be held that the same was void, and that the search and seizure thereunder was unlawful, and in violation of section 30 of the Bill of Rights, guaranteeing the security of the people in their right to be exempt in their persons,

houses, papers, and effects from unreasonable search and seizure.

For the reasons stated, the judgment is reversed and case remanded for further proceedings consistent with this opinion.

BESSEY, P. J., and EDWARDS, J., concur.