HARRY GALLIGAN v. STATE.

No. A-8773.   March 22, 1935.
(42 Pac. [2d] 550.)

W. F. Duncan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

PER CURIAM.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of unlawfully transporting intoxicating liquor, and his punishment assessed at thirty days in jail and a fine of $50.

Warren Harrington, a witness for the state, testified in substance that on June 28, 1933, he had a deputy sheriff's commission; in company with Charley Sherrill, Slim Elliott, and Lewis Ledbetter, south of Hitchcock, as they came over a rise, they saw two cars standing in the road; the defendant was in a model T Ford coupe, and another man in a Chevrolet; they saw something passed from the Ford coupe to the Chevrolet; they drove past the cars before they stopped; they stopped the Meehan car first, and "defendant came on by and I told him to stop; he kept on driving; I stayed with Meehan; Elliott and Ledbetter followed the car; when I drove up to where defendant's car had been stopped there was some conversation but I did not pay any attention to it."

C. B. Elliott testified in substance the same as Harrington up until the time they came up to where the Meehan and defendant's car was in the road; the defendant's car had passed where we had stopped and drove on up the road.

"Before we overtook him near a culvert or bridge over a small creek—there was probably sixty yards between his car and ours—the defendant's car door opened; we did not stop at the place where the defendant's car door opened, we kept on after the defendant; we later found by the side of the road a half gallon of whisky; it was not hid in any grass; I saw the fruit jar lying on the ground."

On cross-examination witness stated he had a commission as constable at the time he was following the defendant up the highway; they shot the tires of defendant's car down.

"We had no search warrant for the car nor to search his person." The foregoing is the substance of the testimony and the only evidence offered by the state.

At the conclusion of the state's testimony, the defendant demurred to the testimony for the reason that the same was insufficient to prove the crime charged in the information against the defendant, or any other crime, which demurrer was overruled and duly excepted.

The evidence in this case clearly shows that the officers, while driving up the highway, came near where the defendant was in his car talking to some one. The officers drove by the cars and stopped, and then without any knowledge that the defendant in any way whatever was violating the law started pursuing his car and finally shot down the casings on defendant's car. Some of the evidence shows that the door of defendant's car opened, and later on the side of the road the officers claimed to have found a jar of whisky. No one knew to whom it belonged, and no one saw it thrown from defendant's car.

The shooting down of the casings of the defendant's car was without justification in any way. Officers of the law should know and understand they have no authority to use firearms in making arrests for misdemeanors, unless the offenders resist the arresting officer. Isbell et al. v. State, 7 Okla. Cr. 736, 123 Pac. 1130.

The testimony and conduct of the prosecuting witnesses failed to show the commission of the offense charged with that certainty and satisfaction that justifies this court in affirming the judgment, and it is therefore reversed.