## HUMPHRIES v. STATE.

No. A-11374. Sept. 12, 1951.

(235 P. 2d 975.)

Claude Hendon, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error Sam D. Humphries, defendant below, was charged by information with the offense of unlawful possession of intoxicating liquor in the county court of Pottawatomie county, Oklahoma. The information alleged the offense was committed on March 25, 1949 on Kickapoo street in Shawnee. The defendant was tried by a jury, convicted, punishment fixed at $500 fine and 60 days in jail and judgment and sentence was entered accordingly. From said judgment, this appeal was perfected.

The pertinent facts involved herein briefly were as hereinafter set forth. Deputy Sheriff Glen Roberts of Oklahoma county and Police Officer J. G. Muse of the Oklahoma City police department, had received information that Sam D. Humphries was engaged in the business of transporting liquor by truck, and further that the defendant's truck would be on the highway in Pottawatomie county with a load of whiskey on the night of the day the offense was alleged to have been committed. Without procuring a search warrant for the search of Humphries' truck either in Oklahoma county or Pottawatomie county, the said officers left Oklahoma City in a radio equipped car, armed with pistols and a rifle. They located the truck near Tecumseh on Highway No. 18, and though no offense was being committed in their presence, and though they saw no whiskey they began a pursuit of said truck which was driven by a man who was driving the truck for Humphries. The officers admitted they had no personal knowledge of defendant's truck containing whiskey. They admitted further that they stopped the truck by use of their flashlight and police whistle and by firing two shots in the air and one into the rear left fender of said truck. Thereafter the driver of the truck pulled over to the curb of Kickapoo street in Shawnee. The shot fired into the truck was fired from a 30-30 caliber rifle which the officers testified was a high power rifle the firing of which would endanger the life and limb of persons who happened to be in the vicinity at the time the rifle was fired. Officers Roberts and Muse said the driver, upon being questioned, told them he had a load of whiskey and

the defendant Sam D. Humphries who was later identified as the owner of the whiskey had the key to the truck containing the whiskey. The officers had the driver of the truck proceed from that point into the sheriff's office in Oklahoma county instead of taking the driver to the sheriff's office in Pottawatomie county. (It is well here to observe that while the officers were in pursuit of the truck the defendant Humphries who was not riding with the driver of the truck but who was tailing the truck, impeded the pursuit of the officers by pulling his Buick automobile over in front of the officers, checking their speed and slowing them down. At one point of the pursuit the truck got completely out of sight of the officers. They fired a shot into the automobile in which Humphries was riding and impeding their progress and caused him to stop. In stopping his automobile Humphries pulled it squarely across the highway. The officers Roberts and Muse required Humphries to remove his Buick from the highway and then they continued their pursuit overtaking the whiskey truck as hereinbefore set forth.) After arriving in Oklahoma City the officers located Sam D. Humphries and booked him for investigation, searched him and found the keys to the truck which they used to open the truck and found the large quantity of whiskey it contained. To the charge of unlawful possession of whiskey the defendant filed his motion to suppress the evidence, amendment and supplement thereto. The gist of the motion, amendment and supplement thereto was that the evidence was obtained by subjecting the defendant to an unlawful search of his person by means of which the officers procured his keys to the truck with which they obtained the whiskey from the locked truck, all of which was done without the aid of a search warrant as well as the pursuit, arrest of the truck and the driver thereof and the removal thereof from Shawnee to Oklahoma City being done without the aid of a search warrant. The trial court overruled the motion, amendment and supplement thereto to suppress the evidence. The defendant urges that in so doing the trial court committed reversible error. With this contention we are in accord.

Moreover, the Attorney General filed no brief herein and confessed error in the record, stating he could not find support for the state's position in the law. He concedes this case bears marked similarity to the recent case of Leach v. State, 94 Okla. Cr. 3č4, 235 P. 2d 968. In the Leach case the pursuit was based upon suspicion as herein, accompanied by gunshots as herein, the arrest was predicated upon a subterfuge, and the search conducted without a warrant. In that case we said:

"Art. 2, § 30 of the Bill of Rights, Constitution of Oklahoma, provides: 'The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.'

"But the prohibition of Art. 2, § 30 of the Bill of Rights of unreasonable searches and seizures does not preclude search and seizure without a search warrant where incident to lawful arrest. Crim v. State, 78 Okla. Cr. 153, 145 P. 2d 444; Moore v. State, 90 Okla. Cr. 415, 214 P. 2d 966.

"We should keep in mind the difference between the federal 'probable cause' rule and the state rule in this kind of a case. The test in the federal cases is whether the officers acted upon a belief reasonably arising out of the circumstances to the searching officers, that the motor vehicle contained whiskey. And a search without a warrant upon such reasonable belief would be valid. Such rule is followed in many decisions of the Federal Courts: Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, and in Brinegar v. United States, 338 U. S. 160, 69 S. Ct. 1302, 93 L. Ed. 1879. But as stated in State v. Simpson, 91 Okla. Cr. 418, 219 P. 2d 639, 642: 'Oklahoma does

not follow the federal rule in this regard. The constitution and statutes of Oklahoma as interpreted by the decisions of this court for more than forty years is that where the offense is not a felony an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence, and, where the officer does not know of the act constituting the offense, it is not committed in his presence.' See cases cited.

"It is the further rule in this jurisdiction that whether search and seizure without a warrant is unreasonable within the constitutional provision forbidding unreasonable searches and seizures, is a judicial question to be determined in each case in view of all the facts and circumstances under which the search and seizure is made. Edwards v. State, 94 Okla. Cr. 11, 228 P. 2d 672; Jones v. State, 82 Okla. Cr. 91, 166 P. 2d 443; State v. Simpson, 91 Okla. Cr. 418, 219 P. 2d 639. All unlawful searches are unreasonable. McClary v. State, 34 Okla. Cr. 403, 246 P. 891; Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238; O'Dell v. State, 80 Okla. Cr. 194, 158 P. 2d 180; Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716.

"In Jones v. State, supra, this court stated:

" 'An officer without a warrant cannot arrest for an offense which was not a felony, unless offense was committed or attempted in his presence.

" 'A peace officer may arrest without a warrant for a misdemeanor only where the misdemeanor is committed or attempted in his "presence." and if the officer is unaware of the act constituting the misdemeanor, it is not committed in his "presence."

\* \* \*

" 'A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any probable cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable search or seizures, and evidence obtained by such a search is inadmissible.' \* \* \*

"On the other hand, the defendant was on an untravelled country road at the time when the red light was directed on him and the machine gun commenced to chatter and the rifle and pistols commenced to break the stillness of the night and when lead commenced to whine by and into the defendant's truck. There is no evidence that the defendant knew that it was the sheriff who was attempting with his deputy and a layman to overhaul him. It would have been reasonable for him to conclude that he was being hijacked, as he could not be held to expect the officers to so violate the law as to make themselves guilty of a felony by shooting around fifty or more bullets at him, some three of which went through the cab of his truck. His life was endangered. A peace officer is not permitted to fire on citizens with impunity. And where this happens the citizen may defend himself. See Roberson v. United States, 4 Okla. Cr. 336, 111 P. 984, where the citizen did just that. A peace officer has no lawful right to shoot, or shoot at, a person who is attempting to escape arrest for a misdemeanor, unless the offender resists to such an extent as to place the officer in danger of loss of life, or great bodily harm. Roberson v. United States, supra; Sharp v. United States, 6 Okla. Cr. 350, 118 P. 675; Pamplin v. State, 21 Okla. Cr. 136, 205 P. 521; Graham v. State, 31 Okla. Cr. 125, 237 P. 462, 464; Galligan v. State, 57 Okla. Cr. 13, 42 P. 2d 550.

"As stated in Graham v. State, supra:

" 'An officer seeking the enforcement of one law should not violate another in order to accomplish his purpose. Such conduct brings the administration of justice into disrepute, and tends to the subversion of peace and good order.'

\* \* \*

"This court has no sympathy for the whiskey handler or the loss that defendant has sustained growing out of his arrest, yet this court has from the

beginning said that 'Every person charged with crime, whether [he be] guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of the law, and it is a duty resting upon the courts to see that the guaranty of such a trial * * * shall be upheld.' Ex parte Stinnett, 71 Okla. Cr. 184, 110 P. 2d 310, 311; Cline v. State, 57 Okla. Cr. 206, 47 P. 2d 191. * * *

"The arrest being illegal, the search of defendant's truck was illegal and unlawful and the fruits of such search was inadmissible in evidence against defendant, and his motion to suppress should have been sustained. This court has by a long line of cases adhered to the principle that evidence obtained by means of an illegal search and seizure by public officers is not admissible against the accused in a criminal case where timely application is made to suppress or exclude such evidence. See Annotation, 134 A. L. R. 819, 823; Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433; Johnson v. State, supra. [Okla. Cr. App., 220 P. 2d 469]."

In the case at bar it clearly appears that the pursuit was based upon suspicion. At no time prior to the arrest of the truck driver did the officers know the contents of the truck. Moreover, the arrest of the truck and its driver was effected by the unlawful display and use of force without the aid of a search warrant, the defendant's arrest in Oklahoma City was a subterfuge since investigation constitutes no charge as defined by the statutes of the state of Oklahoma, search of the defendant's person without a warrant and the acquisition of his keys to his truck was unlawful and the subsequent search of his truck by use of the keys without a search warrant was likewise unlawful. In fact, there was not the slightest attempt on the part of the officers in the case at bar to obtain custody of the driver, the truck and its contents, the defendant and his keys upon any predicate finding support in the law. This court has demonstrated on many occasions its desire to support the officers of the law when they lawfully pursue, use lawful means to conduct search and seizure and make arrests in the manner supported by the statutes of this state. To the contrary, it has sustained the constitutional rights of its citizens to suppress evidence when the same has been obtained in violation of an accused's rights. For a discussion of these rights see Edwards v. State, 83 Okla. Cr. 340, 177 P. 2d 143, wherein in substance we held that the 4th amendment to the United States Constitution, Art. II, § 30, Oklahoma Constitution, secure the individual in his person, his home, and his property, from invasion through unbridled and unrestrained executive or administrative will. Moreover, we said that the protection against unlawful search and seizure extends to all equally, those justly suspected or accused, as well as the innocent, citing cases. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly reversed, vacated and set aside with directions to dismiss the case for lack of competent evidence lawfully obtained to support the same.

JONES and POWELL, JJ., concur.