## GEORGE LEARY v. STATE.

No. A-9159.  April 30, 1937.

(67 Pac. [2d] 972.)

Meacham, Meacham & Meacham, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.   In the information in this case filed in the county court of Custer county, February 15, 1936, Jack Russell and George Leary were charged with unlawfully transporting intoxicating liquor "from the town of Butler to a place on the road about one mile north of the town of Butler."  On the trial the jury returned a verdict finding the defendants guilty as charged in the information

and fixing the punishment of each at confinement in the county jail for 30 days and a fine of $50.

To reverse the judgment rendered on the verdict against him, the defendant George Leary appeals and assigns as error that the trial court erred in admitting incompetent evidence, illegally obtained by search and seizure without a search warrant, and in refusing to strike such evidence, and in overruling the defendant's demurrer to the evidence and motion for a directed verdict of not guilty.

The undisputed facts are that Garnett Simpson, sheriff of Custer county, drove out to the town of Butler, there picked up Bill Evans, a town officer, and while driving down Main street they passed the defendants, Jack Russell and George Leary, in a two-door Chevrolet coach, driven by Russell. Sheriff Simpson testified that he had a strong suspicion that the defendants had whisky in the car, so he followed them out of town, and, after going about half a mile, caught up with them and told them to stop. Then the defendants speeded up, after going another half mile he overtook them again and drove his car against the front end of their car, forcing it into the ditch; that the defendant Leary reached over the back of the seat and took two jars of whisky from under a blanket and broke them; that he did not have a warrant for the arrest of either of the defendants.

After hearing the testimony, the court overruled the motion to suppress the evidence. Exception reserved.

The only witness called by the state was Sheriff Simpson. His testimony was substantially the same as that given by him upon the hearing on the motion to suppress the evidence.

George Leary, as a witness in his own behalf, testified: that Sheriff Simpson ran into their car and, after they stopped, Jack Russell told him to break the jars, and he reached over and struck two half-gallon jars together and broke them; that Bill Evans was in the car when he broke the jars.

At the close of the evidence for the state the defendant moved to strike the same and demurred thereto. Which were overruled. Then moved the court to direct the jury to return a verdict of not guilty, for the reason that the state's evidence was obtained by an unlawful and unreasonable search and seizure. Motion overruled. Exceptions reserved.

It is urged that the arrest of the defendants and the search of their persons and of the car was without sufficient warrant in law, and therefore unreasonable, and evidence obtained in this way is inadmissible.

The constitutional provisions relied upon by appellant are as follows:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided." Const. art. 2, § 21.

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated." Const. art. 2, § 30.

These constitutional provisions were under consideration in the case of Keith v. State, 30 Okla. Cr. 168, 235 P. 631, 632. In the opinion it is said:

"The offense charged against the defendant is punishable only by a fine and imprisonment in the county jail, and therefore is not a felony under our statute. Section 1503 [section 1766, St. 1931 (21 Okla. St. Ann. § 5)]. Consequently the officers could not lawfully arrest him

therefor without a warrant, unless the offense was committed or attempted in their presence."

It has been repeatedly held by this court that, where the offense is not a felony, an officer cannot arrest without a warrant unless the offense was committed or attempted in his presence, and that, where the officer does not know of the act constituting the offense, it is not committed in his presence. Wallace v. State, 49 Okla. Cr. 281, 294 Pac. 198; Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923; Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424; Graham v. State, 31 Okla. Cr. 125, 237 Pac. 462.

In the case of Childress v. State, 31 Okla. Cr. 208, 238 Pac. 218, 219, we said:

"It is too familiar to require citation of authority that it is the settled doctrine in this state that, in order to make an arrest and seizure without a warrant under section 7014, C. S. 1921 [section 2640, St. 1931 (37 Okla. St. Ann. § 89)], there must be a violation of the prohibitory liquor laws committed in the presence of the arresting officer, and a conviction must be reversed where evidence procured by an officer of the court by means of an unauthorized search and seizure is admitted over the objections of the defendant."

The fact that the defendants were transporting intoxicating liquor not being discoverable without a search, the offense of transporting it was not committed in the presence of the officers, and they had no authority to arrest the defendants therefor without a warrant.

The admitted acts of the officers show that they acted without authority of law, no search warrant having been issued; and the unlawful arrest and the search and seizure was for the sole purpose of obtaining evidence to be used in the prosecution of the defendants.

For the reasons stated, we are of opinion that the evidence objected to in this case was obtained by the officers without warrant of law, and the admission of the same constitutes a violation of the constitutional and statutory rights of the defendant.

Therefore the judgment of the lower court is reversed and the cause remanded, with direction to discharge the defendant.

DAVENPORT, P. J., and BAREFOOT, J. concur.