Russell Gilbert COFER, Plaintiff In Error,

v.

OKLAHOMA CITY, Defendant in Error.

No. A–12039.

Criminal Court of Appeals of Oklahoma.

Oct. 13, 1954.

Rehearing Denied Dec. 15, 1954.

Jack L. Spivey, Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, Richard D. Hampton, Asst. Municipal Counselor, Oklahoma City, for defendant in error.

JONES, Judge.

On August 29, 1953, the defendant, Russell Gilbert Cofer, was charged in a complaint filed in the Municipal Traffic Court of the City of Oklahoma City with driving an automobile on the streets of Oklahoma City while under the influence of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $20; thereafter an appeal was taken to the Court of Common Pleas of Oklahoma County, a trial de novo was had; defendant was convicted and sentenced to pay a fine of $19 and appealed.

Two assignments of error are presented: First, the court had no jurisdiction to try the accused because he was unlawfully arrested. Second, on review of a municipal court judgment, the Criminal Court of Appeals will not take judicial notice of ordinances involved.

The complaint filed against the accused was based upon a collision which occurred between a Cadillac automobile purportedly being driven by the defendant with an automobile being driven by one Grant O. Lord at the intersection of Northwest 23rd Street and May Avenue in Oklahoma City.

Lord and his wife testified that they had stopped after making a left turn at the intersection to purchase a newspaper and had started their automobile again and were driving about five miles per hour when they were struck on the rear bumper by the automobile being driven by the defendant. Very little damage was done to either car. After a short conversation with the defendant, Mr. and Mrs. Lord observed that he was in an intoxicated condition. Lord told the defendant he was going to the telephone at a nearby service station and call the traffic policemen to report the accident. While Mr. Lord was gone to the telephone, the defendant fled in his automobile. Shortly thereafter Mr. and Mrs. Lord went to the police station and there signed a complaint against the defendant charging him with a misdemeanor. The Lords had obtained the license tag number of defendant's automobile, and his name was discovered when the tag was checked. From a description of the car and the defendant, the police officers knew who was wanted, as the defendant was a notorious police character. See Cofer v. Oklahoma City, Okl.Cr., 251 P.2d 814. Thereafter two traffic policemen, while cruising near Northwest 16th and Pennsylvania Avenue, saw the defendant's automobile being driven south on Pennsylvania Avenue by defendant's female companion. Defendant was sitting in the seat beside her with only the top of his head being seen by the officers. The automobile was stopped and defendant was arrested and taken to the police station with his subsequent trial and conviction as herein noted.

Counsel for the accused filed a motion to quash the complaint and objection to jurisdiction of the court to try the accused for the reason that the arrest was illegal as the defendant was not committing a misdemeanor in the presence of the officers, and they had no warrant for his arrest nor was it contended that a felony had been committed and the officers had reasonable grounds to believe the defendant had committed the felony. A hearing was had upon this motion prior to the trial of the case on its merits. The officers testified that they arrested Mr. Cofer about 10:00 P.M. on August 29, 1953, which was about one and one-half hours after the traffic collision with the Lord automobile. They had no warrant for his arrest but were acting on the basis of an "all points" radio bulletin broadcast by the police dispatcher directing the arrest of the accused. Although there is contention in the brief of the defendant in error that the defendant was committing a misdemeanor in the presence of the officers that justified his arrest without a warrant, the officers testified that they did not arrest him for anything they saw him do from the time they first saw him at 16th and Pennsylvania until they stopped him. There was some testimony from the officers that the defendant and his lady companion, who was referred to in the testimony as Mrs. Cofer, were being affectionate with each other as she was driving the car and that this loving

mood was to such an extent that it would ordinarily distract the driver and that this afforded a reasonable basis for the traffic policemen to interfere and stop such acts as were being committed by the occupants of the Cofer automobile.

■ Without specifically holding against the City on this contention, for the purpose of disposing of the question which is raised, we shall assume that the arrest in its inception was illegal because no misdemeanor was committed in the presence of the officers; and they had no warrant for the arrest of the accused and had no reasonable ground to suspect the commission of a felony by him. 22 O.S.1951 § 196 provides the conditions under which an officer may arrest a person without a warrant, and for the purpose of this appeal we are assuming that none of those conditions existed as the evidence of the defendant preponderantly sustains this contention.

The cases cited on behalf of the accused to sustain his contention were all cases based upon the introduction of evidence procured from a search of the defendant or his possessions after an unlawful arrest had been made. Under such circumstances this court has uniformly held that the evidence thus secured should not be admitted for consideration of the jury upon timely objection being presented. Leary v. State, 61 Okl.Cr. 298, 67 P.2d 972; Saltsman v. State, Okl.Cr., 243 P.2d 737; Padgett v. State, 90 Okl.Cr. 269, 213 P.2d 580, 582.

In Padgett v. State, supra, this court held:

" 'Where an offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted to be committed in officer's presence.

\*     \*     \*     \*     \*     \*

" 'As a rule, two elements must concur to constitute an offense in the presence of the officer: (1) The facts or elements constituting the offense must be revealed in the presence of the officer. (2) The officer must perceive and have knowledge that such offense is being committed.' "

In the instant case there was no question presented of a search of the automobile of the accused nor the attempted introduction in evidence of anything procured as a result of the alleged illegal arrest. The prosecution was based upon the testimony of Mr. and Mrs. Lord. They alone testified that defendant was driving the automobile at the time of the collision and that he was intoxicated at such time.

■ Even though the officers might have had no valid basis for making the arrest of the accused, yet we do not believe that the trial court lost jurisdiction to try him because of the invalidity or illegality of the events which preceded his detention because at the time of the trial of the accused, he was being held on a warrant issued after a valid complaint charging a violation of a city ordinance had been filed.

The basic principle supporting our conclusion is set forth in Traxler v. State, Okl. Cr., 251 P.2d 815. We there stated that when a person accused of crime is held under valid process in the proper forum, such detention is not rendered invalid because of the illegality of the events which preceded, or which made the detention physically possible. His wrong against the State holding him is not to be condoned because of the illegality of the means employed in obtaining custody.

■ It would appear that in such circumstances where a warrant of arrest has been issued for an individual accused of the commission of a misdemeanor, an officer should have the warrant in his possession before attempting to make the arrest of the accused. However, where the officers make an illegal arrest based upon information communicated to them that a warrant has been issued for the accused for the commission of a misdemeanor, the State or the municipality involved does not ipso facto lose its power and jurisdiction to try the accused but the individual thus illegally arrested has his redress in law in an action against the officer making the illegal arrest.

■ As to the second assignment of error pertaining to the failure of the mu-

nicipality to introduce in evidence the ordinance involved, counsel for the accused cite the case of Johnson v. City of Tulsa, Okl.Cr., 258 P.2d 695, 696, wherein it was held:

"On a review of a municipal court judgment this court will not take judicial notice of an ordinance involved, even though the municipal or other trial court was entitled to do so.

"In an appeal to this court where a consideration of a municipal ordinance is required, such ordinance must be reflected in the record, either by way of introduction in evidence in the trial court in accordance with and as provided by Tit. 12 O.S.1951 § 493, or set forth verbatim by the municipal court or court trying the case de novo, during trial, or in its findings, in judgment rendered, or the wording must have been agreed to by the parties and stipulation entered in the record during trial."

That case was an appeal directly from the Municipal Criminal Court of Tulsa to the Criminal Court of Appeals. There is some distinction in the procedure involved in the appeal from the Municipal Criminal Court of Tulsa which allows an appeal directly to the Criminal Court of Appeals, 11 O.S.1951 § 765, and the procedure followed in an appeal from the Municipal Court of the City of Oklahoma City. In the latter instance the appeal lies to the Court of Common Pleas and the procedure followed on such appeal is the same as that provided by the statute for an appeal from the municipal court to the county court. 11 O.S.1951 § 758. There it is provided:

"In the trial of said cause in the county court it shall be the duty of the court to try the case in the same manner that it should have been tried before the municipal court, except that upon demand of either party a jury shall be called to try the issues joined in said cause. The ordinance of the city need not be introduced in evidence, and the county court shall take judicial notice of the corporate existence of the city and of the provisions of its ordinances."

We find that it is unnecessary for this court to attempt to take judicial notice of the ordinance in question for the reason that in instruction number five the court instructed the jury that the ordinances of the City of Oklahoma City provided: and the ordinance in question was quoted in full. No exception was taken to the giving of this instruction. By reason of the giving of this instruction the ordinance is shown in the record and no question is now interposed that the instruction in question did not correctly give the ordinance. This contention of the accused may not be sustained. The judgment and sentence of the Court of Common Pleas of Oklahoma County is accordingly affirmed.

POWELL, P. J., and BRETT, J., concur.