Jerry ALLEN, Plaintiff in Error,
v.
The STATE of Oklahoma, Defendant in Error.
No. A–13432.

Court of Criminal Appeals of Oklahoma.
March 17, 1965.

464

Valdhe Pitman and Malcolm Baucum, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Jerry Allen, a 19 year old boy, was convicted in the district court of Lincoln County of the crime of burglary, second degree, and sentenced to serve two years in the state penitentiary. Judgment and sentence was entered on June 18, 1963, and appeal has been perfected to this Court.

A short statement of the facts seems to be in order.

The record shows that one John Stanley, age 31 years, a resident of the small community of Meeker in Lincoln County, had been to Oklahoma City, and returned to his home shortly after midnight the morning of January 7, 1963. His home was about 150 feet from the drug store, and as he approached his home, he saw two men "walking fast" down the alley back of the drug store. He parked his car at his home and lost sight of the two men, but walked in the direction they had taken, and found four men lying in a ditch near the railroad tracks. Witness, although not an officer and never having been an officer, was carrying a .22 pistol, and when he found the four men, according to his testimony: "I asked them to go up town with me and we'd find the city marshal." Witness testified that two of the men ran, and he fired two shots in the air, but they did not stop. He took the other two to town, and about the time they reached the drug store another one ran, and left witness with the defendant. He eventually turned this defendant over to the town marshal, who in turn delivered him to the sheriff of Lincoln County.

On cross examination, after testifying that he saw the two boys walking down the alley and followed them, he was asked:

"Q Now, these boys hadn't done anything so far as you know, had they? A No, sir. Q You are not an officer, are you? A No, sir. Q You didn't have a warrant, did you? A No, sir. Q And you placed these boys under arrest without them having committed any crime in your presence and without a warrant and without being an officer, is that correct? A No, sir. Q Well, what did you do then? A I asked them to go up town with me to see the City Marshal. Q In other words, you don't consider that being an arrest, do you? A No, sir. Q But you did have a gun in your hand, and say, 'Let's go up and see the officer?' A Yes. Q Alright, now, I'm going to ask you this question—Is it your testimony under oath that at the time you went up there and placed this gun on these men, that you did not tell them that they were under arrest,—is that your testimony? A Yes, sir. Q As a matter of fact, you never did tell them they were under arrest, did you? A No, sir. Q But you did take physical custody of them by use of your gun and deliver at least one of them to the officer, is that correct? A Yes, sir."

In his petition in error the defendant sets out twelve errors, and argues them in his brief under four propositions. A number of the errors assigned need not be discussed in the proper determination of this case.

Under his Proposition II, defendant quotes the statutes giving private persons authority to make arrests. Title 22 O.S.A. § 202 reads:

"A private person may arrest another:

"1. For a public offense committed or attempted in his presence.

"2. When the person arrested has committed a felony although not in his presence.

"3. When a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it."

And Section 203 of the same Title provides:

"He [private person] must, before making the arrest, inform the person to be arrested of the cause thereof, and require him to submit, except when he is in actual commission of the offense or when he is arrested on pursuit immediately after its commission."

■ It is our opinion that this was not a lawful arrest. By his own testimony, no public offense had been committed or attempted in the presence of the witness Stanley. He did not know that a felony had been committed; and the fact that he saw two men walking rapidly down an alley gave him no reason for believing that they had committed a felony. He did not inform the defendant, or the other boys he attempted to take into custody, the cause for which he was taking or arresting them. In fact, he never at any time informed them that they were under arrest, although he used a gun to take them into custody. He did not learn until later in the morning that a felony had been committed. There can be no other conclusion reached than that the original arrest was illegal.

■ However, notwithstanding this fact, in this case, the evidence did later reveal that a crime had been committed. As stated in American Jurisprudence, Vol. 14 § 219, at page 920:

"Subject to statutory provisions and the distinction between jurisdiction of the subject matter and jurisdiction of the person which account for some decisions to the contrary, if a defendant is physically before the court upon a complaint or indictment, either because he is held in custody after an arrest or because he has appeared in person after giving bail, the invalidity of the original arrest is immaterial, even though seasonably raised, as regards the juris-

diction of the court to proceed with the case."

Likewise, as stated in American Jurisprudence 2nd, Vol. 5, § 116, at page 796:

"The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense."

■ Therefore, it must be concluded that notwithstanding the illegality of the original arrest, since the evidence clearly shows that a crime was committed, and there is sufficient probability that this defendant committed the crime, he properly stands charged for the alleged offense. Had the situation developed differently, and had it later been learned that no crime had been committed, then the defendant would have his recourse available for false arrest.

This basic principle was set forth by this Court in Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815, which stated:

"Where a person accused of crime is held under valid process in the proper form, such detention is not rendered invalid because of the illegality of the events which preceded it, or which made the detention physically possible."

Later, in Cofer v. Oklahoma City, Okl. Cr., 277 P.2d 204, a case in which an illegal arrest was made by the Oklahoma City police, and in which a complaint had been filed, but the arresting officers did not have a warrant for arrest in their possession, this Court said:

"Even though the officers might have had no valid basis for making the arrest of the accused, yet we do not believe that the trial court lost jurisdiction to try him because of the invalidity or illegality of the events which preceded his detention because at the time of the trial of the accused, he was being held on a warrant issued after a valid complaint charging a violation of a city ordinance had been filed."

In the instant case, it was learned that a crime had been committed, and the probability involving this defendant was sufficient.

Defendant's second proposition also sets forth the contention that the evidence obtained from the defendant, as the result of his illegal arrest, was inadmissible at his trial for this charge. The only real evidence introduced at the trial, which tended to prove the defendant's guilt, was the items recovered from him, and his admission made to the sheriff later that morning. This, coupled with certain circumstantial evidence, caused the jury to make its finding of guilt against this defendant.

■■ This Court must agree with the defendant's contention. We have held in numerous decisions that evidence obtained as the result of an unlawful search and seizure is inadmissible, when timely objection is offered. In this case, the defendant offered his timely objection to the introduction of that evidence, and on proper grounds. This Court said in Leary v. State, 61 Okl.Cr. 298, 67 P.2d 972:

"Where a conviction is based solely on evidence obtained by an unlawful and unauthorized search and seizure, admitted over timely objection and exception, the judgment will be reversed."

■ Later, in Cofer v. Oklahoma City, supra, this Court stated:

"Evidence obtained by reason of illegal arrest should not be admissible upon a trial of the accused where timely objection to the admission of such evidence is made."

See also Saltsman v. State, 95 Okl.Cr. 228, 243 P.2d 737; Padgett v. State, 90 Okl. Cr. 269, 213 P.2d 580.

Therefore, for the reasons stated hereinbefore, the judgment of the District Court of Lincoln County should be, and the same is, reversed.

BUSSEY, P. J., concurs.

NIX, J., not participating.