CITY OF LINCOLN PARK v. SIGLER

1. CONSTITUTIONAL LAW—JUDGES—CONSERVATORS OF THE PEACE—
POWERS.
Justices of the Supreme Court, judges of the Court of Appeals,
circuit judges and other judges as provided by law shall be
conservators of the peace within their respective jurisdictions
(Const 1963, art 6, § 29).

2. CONSTITUTIONAL LAW—JUDGES—CONSERVATORS OF THE PEACE—
POWERS—ARREST FOR MISDEMEANOR.
A judge can arrest for a misdemeanor committed in his presence
(Const 1963, art 6, § 29).

3. CONSTITUTIONAL LAW — JUDGES — POWERS — ARREST FOR MISDE-
MEANOR.
A judge's power to arrest for a misdemeanor committed in his
presence should be used sparingly (Const 1963, art 6, § 29).

4. ARREST—CRIMINAL LAW—ORDINANCE—SMOKING—CIGARETTES.
The Court of Appeals would not be required to reverse a
conviction of violation of a city ordinance, which prohibited
the smoking of cigarettes in public places contrary to posted
"no smoking" signs, even assuming, *arguendo*, that defend-
ant's arrest for the offense was illegal.

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted Division 1 October 8, 1970, at Detroit.
(Docket No. 7,307.)    Decided December 3, 1970.

Richard Emmett Sigler was convicted of smoking
cigarettes in public places contrary to posted "no

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judges §§ 21–49.
[2, 3] 5 Am Jur 2d, Arrest §§ 26, 28.
[4] 21 Am Jur 2d, Criminal Law § 396.

smoking" signs in violation of city ordinance, Defendant appeals. Wayne County Circuit Court affirmed. Defendant appeals. Affirmed.

*Kenneth J. Mixter*, City Attorney, for City of Lincoln Park.

*Craig & Fieger*, for defendant.

Before: LESINSKI, C. J., and BRONSON and ENGEL,* JJ.

PER CURIAM. Defendant was charged with violation of a city ordinance which prohibited the smoking of cigarettes in public places contrary to posted "no smoking" signs. Upon committing the described misdemeanor, the defendant was arrested by a municipal judge who observed the incident. The judge filed a complaint against the defendant on the following day in the Lincoln Park Municipal Court, and a warrant was issued. Defendant was found guilty of the offense charged and appealed that decision to the Wayne County Circuit Court, which affirmed the conviction. Defendant appeals to this Court.

Defendant's sole issue on appeal is directed at the issue of whether the municipal judge had the authority to effectuate a legal arrest. Defendant argues that a municipal judge is not a peace officer within the meaning of MCLA § 764.15 (Stat Ann 1954 Rev § 28.874) and therefore has no more power to arrest than an ordinary citizen. MCLA § 764.16 (Stat Ann 1954 Rev § 28.875). Defendant contends that because the instant offense constituted a misdemeanor rather than a felony, the municipal judge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was without power to arrest the defendant even though the offense was commited in his presence. Since the arrest was illegal, argues defendant, the conviction must be set aside.

We disagree with the defendant's basic premise that a judge is without power to make an arrest for an offense, other than a felony, committed in his presence. The Michigan Constitution provides:

"Justices of the supreme court, judges of the court of appeals, circuit judges and other judges as provided by law shall be conservators of the peace within their respective jurisdictions". Const 1963, art 6, § 29.

The Michigan Supreme Court in *Averill* v. *Perrott* (1889), 74 Mich 296, 298, stated the following with respect to a conservator of the peace:

"As such conservators, they had, when the Constitution took effect, the authority to *apprehend offenders against the criminal laws of the State,* and to hold examinations, and commit, bind over, or hold to bail, as well as other authority exercised by conservators of the peace." (Emphasis added.)

See *In re Slattery* (1945), 310 Mich 458, 466.

The reason, suggested by the history of the power, is that it is repugnant to the concept of a judge, sworn to uphold the law, that he be required to observe the commission of a breach of the peace in his presence and be powerless to prevent it. Such a concept demeans his office and public regard for it.

A still further reason is that public policy forbidding private citizens to arrest for misdemeanors, even though committed in their presence, does not extend to judges in their constitutional roles as conservators of the peace. Private citizens know

little of the law and are bound by no oath to enforce it. Because of education, training, and experience, judges possess a greater degree of legal acumen, as well as being duty-bound to uphold the law. Judges should be expected to appreciate the responsibilities surrounding its enforcement.

Common sense suggests that the power should be sparingly used. In the absence of a record, we cannot comment on the wisdom of its use in the instant case. At the same time an appreciation of the historical role demands that the existing power should not be impaired.

Another factor compels affirmance of the decision rendered in the proceedings below. Even assuming, *arguendo,* that the instant arrest was illegal, and in view of the foregoing discussion we are not prepared to say that it was, we would not be required to reverse the instant conviction.

As stated in 5 Am Jur 2d, Arrest, § 116, p 796:

"The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense."

Likewise, in *Cofer* v. *Oklahoma City* (Okla Crim, 1954), 277 P2d 204, 207, the court stated the following with respect to a conviction which is preceded by an illegal arrest:

"Even though the officers might have had no valid basis for making the arrest of the accused, yet we do not believe that the trial court lost jurisdiction to try him because of the invalidity or illegality of the events which preceded his detention because at the time of the trial of the accused, he was being held on a warrant issued after a valid complaint charging a violation of a city ordinance had been filed."

See *Allen* v. *State* (Okla Crim, 1965), 400 P2d 463; *Traxler* v. *State* (1952), 96 Okla Crim 231 (251 P2d 815).

In the instant case a valid complaint was filed charging defendant with a violation of the city ordinance, and a warrant was issued. Defendant was tried on the merits, and has failed to disclose to this Court any prejudice resulting from the initial arrest. No allegation is made that any evidence was obtained at the initial arrest and subsequently used against the defendant at trial.

For the foregoing reasons, the Wayne County Circuit Court is affirmed.