PEOPLE v PAYNE

Docket No. 72798. Submitted December 14, 1983, at Lansing.—Decided April 17, 1984. Leave to appeal applied for.

Richard D. Payne was charged in Midland Circuit Court with two counts of unlawfully driving away a vehicle and two counts of receiving and concealing stolen property. The trial court, Tyrone Gillespie, J., granted defendant's request to suppress the evidence because the search warrant under which the evidence was seized was issued by a magistrate who was also a duly sworn member of the Midland County Sheriff's Department, with full police powers. The people appeal by leave granted. *Held:*

The trial court erred by granting defendant's motion to suppress. Under the facts of this case, the magistrate's affiliation with the sheriff's department, without more, is insufficient to support the finding by the trial court that the magistrate was not sufficiently neutral and detached.

Reversed.

1. ARREST — SEARCHES AND SEIZURES — WARRANTS — MAGISTRATES.

A two-part test exists to determine who may qualify as a magistrate and thus have the power to issue search and arrest warrants: first, the magistrate must be neutral and detached and, second, the magistrate must be capable of determining whether or not probable cause exists for the proposed search or arrest.

2. ARREST — SEARCHES AND SEIZURES — MAGISTRATES — POLICE AFFILIATION.

A mere affiliation, without more, between a magistrate and a law enforcement group is insufficient to support a finding that the magistrate is not neutral and detached; where an affiliation

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest §§ 10, 16.

68 Am Jur 2d, Searches and Seizures §§ 67, 68, 71.

Requirement, under Federal Constitution, that person issuing warrant for arrest or search be neutral and detached magistrate—Supreme Court cases. 32 L Ed 2d 970.

exists but there is no active pursuit by the magistrate of a law enforcement career, the magistrate is sufficiently neutral and detached for the purpose of issuing warrants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald L. White,* Prosecuting Attorney, and *Richard E. Priehs,* Assistant Prosecuting Attorney, for the people.

*Durance & Rhead* (by *Robert J. Rhead),* for defendant.

Before: J. H. GILLIS, P.J., and SHEPHERD and J. J. KELLEY,* JJ.

PER CURIAM. Defendant was charged with two counts of unlawfully driving away a motor vehicle, MCL 750.413; MSA 28.645, and two counts of receiving and concealing stolen property, MCL 750.535; MSA 28.803. The trial court granted defendant's motion to suppress evidence seized after a search made pursuant to a search warrant and the people take this appeal by leave granted.

The trial court summarized the facts as follows:

"On January 6, 1983, William P. Mitchell, a magistrate with the 75th District Court, issued a search warrant upon the residence and curtilage of defendant's parents, Richard and Eleanor Payne, located at 1766 East Gordonville Road in the County of Midland. The search resulted in the confiscation of the following items: 1) a Sears & Roebuck AM-FM CB radio; 2) an AM-FM AMC radio; 3) a piece of weathered wood; and, 4) four tires and wheels. Said evidence is a vital part of the prosecution's case as to all four pending counts.

"William P. Mitchell has been deputy court administrator and court officer for the 75th District Court of Midland County since approximately January 1, 1969.

* Circuit judge, sitting on the Court of Appeals by assignment.

In November of 1979 he assumed the additional responsibilities of magistrate.

"Since January, 1969, William P. Mitchell has been a duly sworn member of the Midland County Sheriff's Department, having full police powers. He retains that status, as court officer, to occasionally transport prisoners and be capable of keeping order in the courtroom including his power to arrest.

"Mr. Mitchell has also periodically attended monthly meetings of the Midland County Reserve Deputies in order to receive training. Since becoming magistrate he has not participated in any criminal investigation nor worked road patrol.

"Mr. Mitchell did not know the defendant nor any member of defendant's family where the search warrant was executed and accordingly, no claim of personal bias has been argued.

"Furthermore, there is no contest regarding probable cause for the search warrant to issue nor the magistrate's ability to determine probable cause."

Based on the above, the trial court granted defendant's motion to suppress the seized evidence and held that a district court magistrate is not sufficiently neutral and detached for the purpose of issuing search warrants where he is also a court officer deputized with full police powers.

We hold that the trial court erred by granting defendant's motion to suppress. Under the facts of the instant case, the magistrate's affiliation with the sheriff's department, without more, is insufficient to support the finding by the trial court that the magistrate was not sufficiently neutral and detached.

In *Coolidge v New Hampshire,* 403 US 443, 449; 91 S Ct 2022; 29 L Ed 2d 564 (1971), the United States Supreme Court wrote:

"The classic statement of the policy underlying the warrant requirement of the Fourth Amendment is that

of Mr. Justice Jackson, writing for the Court in *Johnson v United States,* 333 US 10, 13-14 [68 S Ct 367, 369; 92 L Ed 436, 440 (1948)]:

" 'The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. Any assumption that evidence sufficient to support a magistrate's disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce the Amendment to a nullity and leave the people's homes secure only in the discretion of police officers. * * * When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or government enforcement agent.' "

In *Shadwick v City of Tampa,* 407 US 345, 350; 92 S Ct 2119, 2123; 32 L Ed 2d 783, 788 (1972), the United States Supreme Court established a two-part test to determine who may qualify as a magistrate and thus have the power to issue search and arrest warrants. First, the magistrate must be neutral and detached and, second, the magistrate must be capable of determining whether or not probable cause exists for the proposed search or arrest. We address only the first part of the test.

In the instant case, there was no showing that the magistrate was engaged in the "enterprise of ferreting out crime" and thus could not be neutral and detached. On the contrary, the trial court specifically found that the magistrate "has not participated in any criminal investigation nor worked road patrol" since becoming magistrate.

This was not a situation where, as in *Coolidge, supra,* the issuing magistrate was also the prose-

cuting attorney who had taken personal control of the criminal investigation. Neither is this a situation, as in *People v Lowenstein,* 118 Mich App 475; 325 NW2d 462 (1982), where the magistrate had previously prosecuted defendant and been sued by defendant.

We hold that a mere affiliation, without more, between a magistrate and a law enforcement group is insufficient to support a finding that the magistrate is not neutral and detached.[1] Where, as here, an affiliation exists but there is no active pursuit by the magistrate of a law enforcement career, the magistrate is sufficiently neutral and detached for the purpose of issuing warrants.

Reversed.

---

[1] We note that, under Const 1963, art 6, § 29, each judge of this panel is a conservator of the peace within this state and can arrest for misdemeanors committed in his presence. *City of Lincoln Park v Sigler,* 28 Mich App 410; 184 NW2d 524 (1970).