## UNITED STATES of America
### v.
### Donald Thomas MARGRAF.
### Magistrate's Docket No. 71-220.
### Mag. Div. No. 71-650.

United States District Court,
E. D. Pennsylvania.

Jan. 27, 1972.

John T. Thorn, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Brian E. Appel, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

The defendant, Donald Thomas Margraf, is charged with attempting to board an aircraft being operated by an air carrier in air transportation while having on his person a concealed deadly or dangerous weapon, in violation of 49 U.S.C. § 1472(*l*). The defendant appeared before a United States Magistrate and, after being apprised of his right to be tried before a Judge of the United States District Court and the consequences of a waiver of same, consented in writing to be prosecuted before the Magistrate pursuant to 18 U.S. C. § 3401. On November 24, 1971, the defendant was found guilty by the Magistrate and the case is before us on appeal under 18 U.S.C. § 3402. Rule 8(d) of the Rules of Procedure for the Trial of Minor Offenses, effective January 27, 1971, provides as follows:

> "*Scope of Appeal.* The defendant shall not be entitled to a trial *de novo* by the judge of the district court. The scope of appeal shall be the same as on an appeal from a judgment of a district court to a court of appeals".

The facts surrounding the prosecution are as follows. On or about November 21, 1971, while attempting to board TWA Flight 35, Philadelphia to San Francisco, a metallic sensing device was activated as the defendant passed it. After stating to a United States Cus-

toms Security Officer that he had no weapon or other large metallic object on his person, a search of the defendant's person disclosed a "case folding knife" in the right trouser pocket. The overall length of the knife was 7½ inches, with a blade of 3¼ inches.

Two questions are presented in this appeal:

I. Is *mens rea*, or criminal knowledge or criminal knowledge or intent, a prerequisite for conviction under 49 U.S.C. § 1472(*l*)?

II. Does the knife in question constitute a "dangerous or deadly weapon" under the language of 49 U.S.C. § 1472(*l*)?

I

49 U.S.C. § 1472(a), which sets out a general criminal penalty for violation of the "anti-hijacking" statute, requires a knowing and willing act. This section reads as follows:

"Any person who knowingly and willfully violates any provision of this chapter . . . for which no penalty is otherwise provided in this section . . . shall be deemed guilty of a misdemeanor . . . ."

It will be noted that this section applies only to those sections of the Act for which no specific penalty is provided. Section 1472(*l*) does set out a specific penalty, and omits any reference to criminal intent as an element of the offense. Subsection (*l*) provides:

" . . . whoever, while aboard an aircraft being operated by an air carrier in air transportation, has on or about his person a concealed deadly or dangerous weapon, or whoever attempts to board such an aircraft while having on or about his person a concealed deadly or dangerous weapon, shall be fined not more than $1000 or imprisoned not more than one year, or both".

Section 4172(*l*) was adopted in 1961 as an amendment to the Federal Aviation Act of 1958, which included subsection (a), and we find that the omission of the words "knowingly and willfully" was not mere inadvertence, but rather a clear Congressional mandate establishing the commission of the offense without the necessity of proving *mens rea*.

The House Report of the amendments stated: A series of acts of a criminal nature recently committed aboard aircraft has dramatically underscored the gaps in existing law which can operate to provide criminals with a haven from prosecution." H.R.Rep.No.958, 87th Cong., 1st Sess. 1 (1961), 1961 U.S.Code Cong. and Admin. News, p. 2563. The 1961 Amendments were specifically designed to prevent air piracy, and the House Report set the tone of the amendments by stating: *"Broad,* stringent legislation such as is proposed here . . . ." (Emphasis added.) H.R. Rept.No.958, *supra.*

We would further add that the Congressional intent to eliminate the necessity of compelling the government to prove criminal intent is indicated by the fact that when the Congressional body concluded that intent was a necessary ingredient, it carefully spelled out the need to prove it. See 49 U.S.C. § 1472(m).

On the basis of the above, we hold that 49 U.S.C. § 1472(*l*) does not require the proof of an element of criminal intent. Cf. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L. Ed. 288 (1952); United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L. Ed. 619 (1922); United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922). In *Balint,* then Chief Justice Taft wrote:

"While the general rule at common law was that the *scienter* was a necessary element in the indictment and proof of every crime, and this was followed in regard to statutory crimes even where the statutory definition did not in terms include it . . ., there has been a modification of this

view in respect to prosecutions under statutes the purpose of which would be obstructed by such a requirement. It is a question of legislative intent to be construed by the court . . . . "

We are of the opinion that the particular offense charged to the defendant was established by proving the commission of the forbidden act.

## II

The 1961 amendments to the Federal Aviation Act of 1958 do not define the meaning of a "deadly or dangerous weapon." The House Report stated:

"Consideration was given to attempting to define the term 'deadly or dangerous weapon.' However, this is not practicable. These terms have been used without definition in other provisions of title 18, United States Code, and in many State criminal laws. The courts will determine in each case, as it arises, whether the weapon in question was deadly or dangerous." H.R. Rep. No.958, 87th Cong., 1st Sess. (1961), 1961 U.S. Code Cong. and Admin. News, p. 2570.

In United States v. Ware, 315 F.Supp. 1333 (W.D.Okla.1970), the Court held that an unloaded automatic pistol concealed in the defendant's pocket constituted a "dangerous or deadly weapon" within the purview of 49 U.S.C. § 1472(*l*). The Court stated:

"In interpreting the 'dangerous weapon' provisions of various federal statutes, the courts have held that proper determination requires consideration of the entire context; what in one context might not be a dangerous weapon in a different context would be a dangerous weapon, giving consideration to the language and purpose of the specific statute involved, the nature, use or anticipated use of the 'weapon' involved and the consequences logically flowing from its use. See United States v. Barber, D.C.Del. 1969, 297 F.Supp. 917, 922, 923, and cases cited therein; Baker v. United States, 5 Cir. 1969, 412 F.2d 1069; United States v. Brown, 9 Cir. 1969, 413 F.2d 878."

The Court went on to note that the purpose of 49 U.S.C. § 1472(*l*) is to prevent airline hijacking, and an unloaded gun can be used for that purpose. We agree, and hold that as a knife with a 3¼" blade can be used to kill, maim, and to threaten, it falls within the ambit of a "dangerous or deadly weapon" as that term is used in § 1472(*l*).

As so aptly observed in the case of Fall v. Esso Standard Oil Co., 297 F.2d 411, 414 (5th Cir. 1961):

"Because of the dual nature of certain instruments as tools and weapons, the determination of the character of the instrument for purposes of the litigation is usually one for the jury."

It was the opinion of the United States Magistrate that the knife, admittedly carried on the person of the defendant, falls within the category of a "concealed deadly or dangerous weapon." Acting in the capacity of an appellate court, we are required to accept the finding of fact of a Magistrate unless such finding is clearly erroneous. Campbell v. United States, 373 U.S. 487, 493, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1962); United States v. Graves, 428 F.2d 196, 200 (5th Cir. 1970); Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949, 952 (1967). Having carefully reviewed the record, we conclude that the Magistrate's determination was correct.

For the reasons stated above, we are impelled to conclude that the defendant has violated 49 U.S.C. § 1472(*l*).