**UNITED STATES of America,**
**Appellee,**

v.

**Donald Thomas MARGRAF, Appellant.**

**No. 72–1331.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 5, 1972.

Submitted En Banc Jan. 3, 1973.

Decided Feb. 14, 1974.

Carl J. Melone, U. S. Atty., John T. Thorn, Asst. U. S. Atty., for appellee.

Brian E. Appel, Segal, Appel & Natali, Philadelphia, Pa., for appellant.

Before SEITZ, Chief Judge, FORMAN, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN and HUNTER, Circuit Judges.

**ORDER**

JAMES HUNTER, III, Circuit Judge.

On November 24, 1971, Donald Thomas Margraf was convicted of a violation of 49 U.S.C. § 1472(*l*) before a United

States magistrate pursuant to 18 U.S.C. § 3401. On January 27, 1972, the conviction was affirmed by Judge Weiner, United States District Court for the Eastern District of Pennsylvania. 347 F.Supp. 230. On June 20, 1973, this Court, sitting *en banc*, affirmed the conviction (three judges dissenting). 483 F.2d 708.

Before the United States Supreme Court, the Solicitor General represented that the Federal Aviation Agency's guidelines [1] were not adhered to in this prosecution, and he therefore recommended that certiorari be granted and the case be remanded so that the government could dismiss the complaint.

On December 17, 1973, the United States Supreme Court granted certiorari and remanded the case to this Court to reconsider in light of the government's present position, 414 U.S. 1106, 94 S.Ct. 833, 38 L.Ed.2d 734. No. 72–1331, filed Dec. 17, 1973.

In his memorandum to the United States Supreme Court, the Solicitor General represented that

"[t]he FAA's guidelines are not binding upon those addressed and leave room for the exercise of trained judgment in regulating the kinds of objects that passengers may carry on board aircraft. They do, however,

represent an informed judgment by the expert federal agency charged with primary responsibility for assuring the safety of air commerce that only large knives or those considered illegal under state law should be considered weapons for this regulatory purpose. The Department of Justice has therefore concluded that prosecutions under Section 1472(*l*) should not be undertaken with respect to objects not proscribed under the guidelines, at least in the absence of unusual, aggravating circumstances, or where local law may be unduly lax in regulating the carriage of knives or other objects.[5] Since the present case

"5. We do not, of course, concede that the decision of the court of appeals was wrong as a matter of law, or that the statute in question could never be applied to a knife such as petitioner's, or that there is any requirement of specific intent or *scienter*."

presents no aggravating circumstances and involves no unduly lax local laws, petitioner should not be subject to prosecution."

In accordance with the government's current position it is therefore ordered and adjudged that this case be and is hereby remanded to the district court to allow the government to dismiss the complaint.

1. The FAA guidelines are as follows:
"The following guidelines are furnished to airport operators, air carriers, law enforcement personnel, and others involved in preboard screening of passengers in making a reasonable determination of what property in possession of a passenger should be considered as a weapon or dangerous object.
"FIREARMS—Including starter pistols, compressed air or BB guns and flare pistols.
"KNIVES—All sabres, swords, hunting knives, and such other knives considered illegal by local law.
"BLUDGEONS—Blackjacks, billy clubs, or similar instruments.
"OTHER DEVICES OR OBJECT—Even though not commonly thought of as a dangerous weapon but the possession of which supports the reasonable presumption that it could be used as weapon, such as ice picks, straight razors, elongated scissors, and the like. Any questionable device or object to include toy or dummy weapons or grenades should be treated as a dangerous article.
"The following objects should also be prohibited in the interest of air security:
"EXPLOSIVES/AMMUNITION—All types of explosives, ammunition, incendiaries, and fireworks whether commercially manufactured, homemade, or any combination of components to produce same.
"GASES AND CHEMICAL AGENTS—All tear gas, mace, and similar chemicals and gases whether in pistol, pen, canister, or other container.
"In those instances where an undeclared firearm or other obviously *dangerous weapon* is discovered concealed in a carry-on bag or on the person of a passenger, appropriate law enforcement authorities must be notified. ATA and AOCI requested to pass info through their channels.
Original signed by,
JAMES T. MURPHY.
"8 February 1973."